Re: Appeal of Marple Newtown School District and Marple Township From the Decision of Board of Assessment Appeals of Delaware County, etc. Pennsylvania Plazas, Inc., Appellant.

Argued June 10, 1982, before President Judge CRUMLISH, JR. and Judges ROGERS and MACPHAIL, sitting as a panel of three.

366

*Joseph P. Caranci, ReDavid and Pietangelo, P.C.,* for appellant.

*Michael F. X. Gillin,* with him, *Vram Nedurian, Jr.,* and *Marcus Manoff,* for appellees.

OPINION BY JUDGE ROGERS, December 14, 1982:

Pennsylvania Plazas, Inc. is the lessee of a shopping center in Marple Township, Delaware County. It is obliged under its lease, which is for twenty-five years, to pay the real estate taxes. It filed an appeal of the assessment of the shopping center to the Delaware County Board of Assessment Appeals, which after a hearing ordered a reduction of the assessment from $880,000 to $775,000. The local school district, the township and the county appealed the reduction, asserting that the appellant, being a tenant, was without standing to appeal its assessment *to the Board of*

*Assessment Appeals.* The taxing bodies also filed a motion for judgment on the pleadings saying that the Board of Assessment Appeals had granted an assessment reduction "to an improper party." A judge of the court below, overlooking the fact that the taxing bodies, not Pennsylvania Plazas, were the parties appellant to the court of common pleas and being apparently of the impression that Pennsylvania Plazas had appealed to the court of common pleas, by memorandum and order granted the taxing bodies' motion for judgment on the pleadings on the ground that "under 72 P.S. 5350, . . . the appellant [being] only a tenant . . . has no standing to appeal from the assessment."

The statute at 72 P.S. §5350[1] concerns appeals from the Board of Assessment Appeals to the court and provides that such an appeal may be taken by a "taxable" or "taxpayer."

The statute applicable to appeals of an assessment to the Board of Assessment Appeals is Section 8 of the Act of June 26, 1931, P.L. 1379, *as amended,* 72 P.S. §5349(c), and this provides that "any person aggrieved" may appeal his assessment to the Board. This is obviously a less restrictive standard than that imposed by Section 9, which the court thought was at issue.

The question was therefore whether Pennsylvania Plazas, Inc. was a "person aggrieved." Any person who has a direct immediate, pecuniary and substantial interest in the subject matter is a person aggrieved. *Louden Hill Farm, Inc. v. Milk Control Commission,* 420 Pa. 548, 217 A.2d 735 (1966). It would seem that Pennsylvania Plazas as a tenant required to pay the local taxes would meet this description and was entitled to appeal the assessment to the Board of Assess-

---

[1] Section 9 of the Act of June 26, 1931, P.L. 1379, *as amended.*

368

ment Appeals. But we will leave this decision to the court of common pleas.

We reverse the judgment and remand the record for further proceedings.

ORDER

AND Now, this 14th day of December, 1982, the judgment appealed from is reversed and the record is remanded for further proceedings.