VILLAGE SUPERMARKETS, INC., PLAINTIFF-RESPONDENT, v.
TOWNSHIP OF WEST ORANGE, DEFENDANT-APPELLANT.

CENTRE PROPERTIES CO., PLAINTIFF, v. TOWNSHIP OF
WEST ORANGE, DEFENDANT-APPELLANT.

Argued January 5, 1987—Decided May 20, 1987.

Decided May 20, 1987.

*Matthew J. Scola* argued the cause for appellant.

*Lawrence S. Berger* argued the cause for respondent (*Berger & Bornstein,* attorneys; *Bruce D. Nimensky,* on the brief).

The opinion of the Court was delivered by

O'HERN, J.

This appeal concerns the standing or authority of a shopping center tenant to contest the assessment of municipal taxes. The appeal arises in the context of a lease that requires the tenant to pay, as part of its rent, for all taxes assessed against the occupied building and its improvements and an allocated share of the assessment of the common areas of the shopping center. The Tax Court dismissed the tenant's appeals for lack of jurisdiction. 6 *N.J.Tax* 481 (1984). The Appellate Division reversed, holding that such a tenant may be considered an

aggrieved taxpayer within the meaning of *N.J.S.A.* 54:3–21, which grants the right to appeal local property assessments. 206 *N.J.Super.* 597 (1986). We now modify that interpretation of the statute with certain additional qualifications about the right of tenants to prosecute such appeals.

### I.

*N.J.S.A.* 54:3–21, in pertinent part, provides:

> A taxpayer feeling aggrieved by the assessed valuation of his [real] property, * * * may, on or before August 15, appeal to the county board of taxation by filing with it a petition of appeal * * *.

West Orange argues that a tenant, not being the owner of property, is simply not the one aggrieved by the assessment. As outlined in the reported opinions below, the issue reached the Tax Court by different routes for different tax years. However, we need recite only the essential factual background. Village Supermarkets is the tenant in possession of a supermarket in a suburban shopping center in West Orange, New Jersey. Other tenants include a movie theater and various other retail uses. Under the terms of its lease, Village Supermarkets is required to pay as additional rent to its landlord all of the taxes on the building and associated land, and a proportionate share of the taxes on the common areas. It has no obligation to pay and pays no taxes to West Orange.

When it appealed the 1979 and 1980 assessments to the County Tax Board, the Board dismissed those appeals. Village Supermarkets appealed those dismissals to the Tax Court under *N.J.S.A.* 54:3–26a and 54:51A–13, and directly appealed the 1981 assessment to the Tax Court under *N.J.S.A.* 54:3–21 and 54:51A–2. The direct appeal was taken in the name of Centre Properties Co., the landlord. *N.J.S.A.* 54:3–21 allows an aggrieved taxpayer to file a complaint directly with the tax court on or before August 15, if the assessed valuation of the property subject to appeal exceeds $750,000. *N.J.S.A.* 54:51A–2 requires the complainant to file a copy of the complaint with the

assessor and with the clerk of the taxing district, who then notifies the collector and other municipal officials.

At this point, the landlord shopping center moved to intervene in the Tax Court proceedings and to have the three complaints dismissed for want of jurisdiction. The Tax Court, in a written opinion, granted the motions. 6 *N.J.Tax* at 488. In addition to ruling that the taxpayer lacked direct standing to prosecute the appeals, it concluded that in the absence of a written provision in the lease conferring on the tenant the right to appeal, the tenant lacked any implied authority to prosecute the appeal in the owner's name. *Id.* at 485–88.

The Appellate Division reversed. It reasoned that

[i]t may well be that the taxing authority looks only to the landlord for payment but, as a matter of economic reality, the ultimate payment obligation is the tenant's and is fully enforceable as such by the landlord. To conclude that the tenant is not the taxpayer is incorrect and contrary to common practice and business usage. [206 *N.J.Super.* at 602.]

It thus viewed the tenant under a net lease as possessing a sufficient ownership of the assessed property so that the tenant is "also characterizable as a taxpayer and the property is also [its] for purposes of the statute." *Ibid.* Recognizing the obvious concerns about the consequences to the owner of a possible adverse assessment, the court required that such an appeal be taken only after notice to the landlord, *id.* at 605–06, and suggested that the Tax Court fashion appropriate rules for handling the interests of other tenants since the appeal would, of necessity, be of the entire assessment of the property. *Id.* at 607.

We granted certification to review the contentions of the municipality that such a holding would unnecessarily proliferate the number of tax appeals in the commercial setting and is plainly contrary to the statutory language authorizing municipal appeals. 104 *N.J.* 426 (1986).

II.

We agree that the language of the statute is not an insurmountable bar to the prosecution of an appeal by some

net-lease tenants, depending upon their economic circumstances. *New Auditorium Pier Co. v. Atlantic City,* 74 *N.J.L.* 303 (Sup.Ct.1907), on which the Tax Court relied, may be distinguished for the reasons stated by the Appellate Division. The net-lessee in *New Auditorium Pier Co.* simply had no standing to contest the apportionment of taxes on the landlord's separate parcels on the basis of not having received notice of assessment. *Id.* at 304–05. As the Appellate Division noted, other jurisdictions with not sharply dissimilar statutes have concluded that such tenants may be considered taxpayers for the purposes of such an appeal. *See Riso v. Pottawattamie Bd. of Review,* 362 *N.W.*2d 513 (Iowa 1985) (lessees of fast food restaurant required by lease to reimburse lessor for taxes paid had sufficient pecuniary stake to have standing to sue as taxpayers); *In re Application of Pass & Seymour, Inc. v. Town of Geddes,* 126 *Misc.*2d 805, 483 *N.Y.S.*2d 890 (Sup.Ct.1984) (issue in determining who is "aggrieved" is whether party's pecuniary interests may be adversely affected by the assessment, not whether the adverse effect is the result of a contract or direct tax liability); *In re Appeal of Marple Newtown School Dist.,* 70 *Pa.Commw.* 365, 367, 453 *A.*2d 68, 69 (1982) ("Any person who has a direct immediate, pecuniary and substantial interest in the subject matter is a person aggrieved"); *In re Arlen Realty v. Board of Assessors,* 74 *A.D.*2d 905, 425 *N.Y.S.*2d 855 (N.Y.A.D. 1980) (lessee of property is clearly an "aggrieved party" with standing to seek review of assessed valuation of real property).[1]

The most obvious example is the tenant in possession of a free-standing store under a net lease. In the context of a long-term lease, the landlord has almost no interest in the

---

[1]The Appellate Division also noted but found unpersuasive, as we do, *Lerner Shops, Inc. v. Town of Waterbury,* 151 *Conn.* 79, 193 *A.*2d 472 (1963) (lessee obliged under lease to pay all taxes on premises, but had no taxes actually levied on it, could not be aggrieved); *Marcus Hook Development Park v. Delaware County,* 68 *Pa.Commw.* 229, 449 *A.*2d 70 (1982) (under Pennsylvania statutory scheme allowing "any person aggrieved" to appeal assessment, lessee lacks standing).

assessment. Such was the situation of the F.W. Woolworth Company in *In re Property in Forsyth County,* 282 *N.C.* 71, 191 *S.E.*2d 692 (1972) (where Woolworth, by virtue of its lease, had control of the lot and building in which it operated a retail store, which store also held stock of merchandise and equipment required to be listed for tax purposes, Woolworth was a taxpayer "who both owned and controlled taxable property assessed for taxation in the county"). At the other end of the spectrum, however, is the tenant in possession of an ice cream stand in a suburban mall. Although such a tenant may have a tax payment or tax surcharge clause in its lease, its interest in the shopping center assessment should not properly be considered one that would confer an independent right to prosecute a tax appeal in its own name. The question is one of degree, depending upon the relative circumstances of the parties and their economic interests.

Hence, we agree with the municipality to the extent it argues that it is appropriate to circumscribe carefully the right of appeal in those circumstances in which the Legislature may have thought it appropriate for a tenant to prosecute an appeal.

Since, as the Appellate Division observed, there can be but one appeal of a single assessment of a parcel, a tenant's appeal necessarily brings into question the assessment of the entire shopping center. Such an appeal is an extraordinarily complex undertaking. For example, the rules of the Tax Court contemplate that appraisals and comparable sales figures be submitted with the appeal or in discovery. *R.* 8:6–1(b). Any party prosecuting the appeal must be prepared to mount the type of action that would not be frivolous. In addition, since income is often the best evidence of property value, a nominally situated tenant would experience great difficulty in gaining access to the leases and presenting an appropriate case.

These are but some of the concerns that prompt us to conclude that such an appeal can be brought in the owner's name by the tenant with notice to the owner. We think this

was implicit in the Appellate Division's citing with approval *Ewing Township v. Mercer Paper Tube Corp.*, 8 *N.J.Tax* 84 (1985) (Legislature intended to include within class of "aggrieved taxpayers" given right to appeal tax assessments, any lessee whose lease covers a full year and requires the tenant to pay full assessment and taxes levied; however, risk of increased assessment makes owner of real property a necessary party and appeal must be taken in the name of the owner by the tenant as express agent for the owner, or, as co-plaintiff).

We anticipate that any case that generates a dispute between the landlord and the tenant about the authority of the tenant to bring such an appeal will be of such a dimension that the case will ordinarily be prosecuted in the Tax Court because, as noted, under *N.J.S.A.* 54:3–21 an appeal in excess of $750,000 may be brought directly in the Tax Court. In the absence of an express provision, that court should resolve within its ancillary jurisdiction the question whether the tenant's authority to bring the appeal fairly can be inferred from the circumstances of the parties. There will remain instances, however, in which an appeal may be brought before the County Tax Board where, as the judge of its own jurisdiction, the Board will be free to decide, in as summary a manner as it deems appropriate, the interests of the parties.

Each tribunal should resolve, by the procedures it deems appropriate, the question whether the tenant fairly should be regarded as warranted to prosecute a tax appeal in the landlord's name from all of the attendant circumstances. Those circumstances will include such factors as (1) the provisions of the lease itself, its duration, the burden of the tax surcharge on the tenant, and the possibility that the issue can soon be resolved by renegotiation; (2) the tenant's relationship to the property, whether it is the lead tenant in a shopping center or only one slightly affected by the assessment; (3) whether the tenant will adequately represent the interests of the landlord and other tenants, or whether the tenant has interests adverse to either group; (4) the tenant's ability to mount and prosecute

an effective appeal; (5) the landlord's overall relationship with the taxing authority, and whether this is but one of multiple properties as to which the landlord may wish to exercise the right to appeal. Obviously, resolution of the question of standing should not become a hindrance to exercise of the tax tribunal's primary jurisdiction and the tribunal should shape its procedures to that end.

### III.

To summarize, we conclude that the right of a tenant to prosecute an appeal in the name of the landlord may be inferred fairly from the circumstances of the parties in many but not all cases. Recognition of such a right does not create an entirely new scheme of tax appeals, but reflects the reality of present commercial practice. Whether a tenant should be considered fairly to represent the landlord's interest as an aggrieved taxpayer under *N.J.S.A.* 54:3–21 must be resolved in light of all attendant circumstances. We hesitate then to validate categorically the tenant's right to prosecute the appeal in the circumstances of this case. While we conclude that the right to appeal should be the rule and not the exception in the case of a single net-lease tenant occupying a free-standing building on a single parcel, this case presents a factual pattern that may not often be repeated. As a convenience to the parties, it appears the municipal assessor has maintained a separate card for the individual structures in the shopping center. Despite this fact, it remains necessary that the entire shopping center assessment be placed in contest, perhaps to the disadvantage of other tenants and the landlord given the attendant risk of an increased assessment.

On the other hand, there was evidence in this case that the landlord has not been uniform in its policy. For example, it appears that its theater tenant may have been permitted to prosecute appeals either in its own name or in the name of the owner. The record is not clear on this point. Finally, at oral

argument the tenant raised a question of bad faith on the part of the landlord based on the landlord's refusal to permit this appeal to be prosecuted because of concern that unusual circumstances (under which the value of the landlord's property would be based upon its gross rentals, including tax surcharges) might result in an inflated valuation of the property. The premises were conveyed after the tax appeals were filed.

While we share the municipality's concerns that these procedures may somewhat complicate its assessments, we were informed at oral argument that the concerns are perhaps more speculative than real in the sense that multiple appeals frequently are brought by shopping center tenants who quickly resolve these matters by an agreement for prosecution. We are satisfied that the absence of controversy about this issue, in the face of what has been described to us as a prevalent practice in the prosecution of appeals by commercial tenants,[2] suggests that there will be little dislocation of the interests of taxing authorities and assessed property owners. Landlords concerned about the issue can readily resolve it by a line in their leases. Should experience prove otherwise, we shall not hesitate to revisit the issue.

As modified, the judgment of the Appellate Division is affirmed. The matter is remanded to the Tax Court promptly to resolve whether the tenant in this case should be considered fairly to represent the interests of the landlord and other tenants in prosecuting the subject tax appeals.

*For affirmance as modified and remandment*—Chief Justice WILENTZ and Justices CLIFFORD, HANDLER, POLLOCK, O'HERN, GARIBALDI and STEIN—7.

*Opposed*—None.

---

[2] We note the Appellate Division's reference to Tax Court opinions in which tenants' appeals have been taken.