KUSKIN, J.T.C.
Sears, Roebuck & Co. (“Sears”) and The May Department Store (“May”) are anchor tenants at the Livingston Mall (“shopping center”), a super-regional mall in Livingston Township. They have both moved under R. 4:33-1 to intervene as of right as party plaintiffs in appeals filed for the tax years 1994, 1995, 1996 and 1997 by Livingston Mall Corp., the owner and landlord of the shopping center. Neither Sears nor May filed an independent appeal of the shopping center assessment for any such year, and the deadlines for filing such appeals have passed. Plaintiff Livingston Mall Corp. and defendant Livingston Township oppose the motions to intervene. Plaintiff has moved to compel arbitration of the intervention issue. Sears and May oppose this motion. I will refer to Sears and May together as the “intervenors” for convenience of reference only. Obviously, whether they are in fact intervenors depends on the outcome of the motions.
I will first address plaintiffs motion to compel arbitration because, if I grant that .motion, there is no need to decide the motions to intervene. I have been provided with excerpts from the May lease for its premises at the shopping center dated January 28,1971 (originally between R.K. Winston Corporation, as *20 landlord, and Adeor Realty Corporation as tenant) and the Sears lease for its premises at the shopping center. In both documents, Article IX is entitled “Taxes,” and contains comprehensive provisions as to the rights and obligations of the parties with respect to local property taxes. The contents of both Articles IX appear to be identical. If there are any differences between the two, those differences are of no substantive significance to the motions.
Section 9.2(f) of Article IX provides in part: “Any dispute under this Article IX shall be determined by arbitration.” Section 25.1 of both leases provides in part: “In the event of any dispute arising out of the provisions of this Lease, ... the rights and obligations imposed thereunder or the Tenant’s use and occupancy of the Demised Premises, such dispute shall be determined by arbitration.”
I conclude that the dispute as to whether Sears and May may intervene in tax appeals previously filed by their landlord is neither a dispute under Article IX, nor a dispute arising out of the provisions of their leases, and does not involve the “rights and obligations” imposed under such leases.
Section 9.2(g) of each lease contains the provisions relating to tax appeals. This section provides as follows:
So long as the Demised Premises are not separately and independently assessed as a separate Tax block, Landlord shall, at Tenant’s request, which Tenant agrees not to make unreasonably, contest in good faith by appropriate proceedings, or in any other manner permitted by law, in Landlord’s name, any Taxes assessed or levied on the Shopping Center, and Tenant agrees to cooperate with Landlord and to execute any documents reasonably required for such purpose. Such contest shall include appeals from any judgments, decrees or orders until a final determination shall be made by a court or governmental department or authority having final jurisdiction in the matter. During any such contest, payment of the Tax by Landlord may be deferred for the maximum period permitted under Subsection (b) of Section 9.1 if Landlord and Tenant so agree in writing. Any Tax refund and all costs, fees and expenses (including reasonable counsel fees) actually incurred and paid by Tenant or Landlord in connection with a contest requested by Tenant pursuant to this Subsection (g) (whether or not resulting in a Tax refund or a lowering of assessment) shall be apportioned between Landlord and Tenant on an equitable basis, and if Landlord and Tenant cannot so agree, the issue shall be determined by arbitration. If Landlord fails or refuses to contest such Tax within 30 days after Tenant’s request, and thereafter to prosecute the same with due diligence, Tenant shall have the right to contest such Tax in Tenant’s name and/or in the name of Landlord and the costs, fees and expenses of such contest shall be *21 allocated between Landlord and Tenant on the same basis as if such contest had been prosecuted and such costs incurred by Landlord.
Here, the landlord (plaintiff), either of its own volition or upon request by one of the intervenors, filed appeals for each of the years 1994 through 1997. As a result, the provisions of Section 9.2(g) relating to the filing of appeals are not, and cannot be, the subject of a dispute. The only provisions of such section which could generate disputes relate to cooperation by the intervenors in connection with the pending appeals, the diligence with which the landlord pursues the appeals, and allocation of the costs of the appeals. Article IX contains no provisions relating to tenant participation or intervention in a pending appeal. Accordingly, the applications to intervene do not involve issues under, or arising out of, the leases, and I deny the motion to compel arbitration for this reason.
I also deny the motion because the applications to intervene and the dispute relating thereto involve the interpretation and application of the Court Rules relating to intervention. Even though arbitrators have broad powers, see State Farm Mutual Automobile Ins. Co. v. Molino, 289 N.J.Super. 406, 411, 674 A.2d 189 (App.Div.1996), citing State v. State Troopers Fraternal Ass’n of New Jersey, 91 N.J. 464, 469, 453 A.2d 176 (1982), I conclude that they cannot determine for this Court the rights of parties in pending litigation under the Rules of Court. Cf. Wm. Blanchard Co. v. Beach Concrete Co., Inc., 150 N.J.Super. 277, 298, 375 A.2d 675 (App.Div.) certif. denied, 75 N.J. 528, 384 A.2d 507 (1977) (holding that once a matter is submitted to the judicial process, the Rules of Court are binding in such process).
I turn now to the motions by Sears and May to intervene under R. 4:33-1. This Rule provides:
Upon timely application anyone shall be permitted to intervene in an action if the applicant claims an interest relating to the property or transaction which is the subject of the action and is so situated that the disposition of the action may as a practical matter impair or impede the ability to protect that interest, unless the applicant’s interest is adequately represented by existing parties.
The Rule was interpreted in Chesterbrooke Ltd. Partnership v. Planning Bd. of Chester Tp., 237 N.J.Super. 118, 567 A.2d 221 *22 (App.Div.), certif. denied 118 N.J. 234, 570 A.2d 984 (1989), as follows:
Rule 4:33-1 sets out four criteria for determining intervention as of right. The applicant must (1) claim “an interest relating to the property or transaction which is the subject of the action,” (2) show he is “so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest,” (3) demonstrate that the “applicant’s interest” is not “adequately represented by existing parties,” ■ and (4) make a “timely” application to intervene.
[Id at 124, 567 A.2d 221.]
There is little or no dispute as to three of such four criteria. To the extent these are in dispute, I find that the intervenors satisfy those criteria. Specifically:
1. Each intervenor has an interest relating to the property. Each is a tenant under a long term lease. Sears occupies 191,921 sq. ft. and May occupies 169,921 sq. ft. Both pay significant amounts of taxes. Sears pays over $700,000 per year and May pays over $600,000 per year.
2. Disposition of the pending appeals may as a practical matter impair or impede the intervenors’ ability to protect that interest. Because the intervenors have no other rights to appeal the shopping center tax assessments, a decision by this court may affect their tax liability under their leases and may limit or affect their rights under the arbitration provisions of their leases.
3. The applications are timely. The requirements for a timely application were set forth in Mobil Admin. Serv. Co. v. Mansfield Tp., 15 N.J. Tax 583 (Tax 1996), aff'd, 17 N.J.Tax 509 (App.Div. 1997), as follows:
In general, an application will be deemed timely “if intervention will neither prejudice the rights of existing parties to the litigation nor substantially interfere with the orderly processes of the court____” In determining timeliness the court must also consider the purpose for which intervention is sought.
[Id.at 595 (citations omitted).]
It is the fourth criterion — whether the intervenors’ interest is adequately represented by existing parties — that is the focus of the controversy. With respect to this criterion, the intervenors rely, to a large extent, on facts arising from the trial of the 1991, 1992 and 1993 appeals and the Tax Court’s decision of those appeals. The significant facts relating to such appeals are as *23 follows. The appeals (as do the pending 1994-97 appeals) involved a single annual assessment of $46,311,100 imposed on the single tax lot constituting the entire shopping center. The Tax Court affirmed each assessment. Livingston Mall Corp. v. Livingston Tp., 15 N.J. Tax 505 (Tax 1996). In so doing, the Court made separate valuation findings as to anchor stores and mall stores as components of a single value for the entire tax lot.
The Tax Court found the income approach of plaintiffs expert to be “deficient” as to the anchor stores. Id. at 520. In valuing the anchors, the Court rejected the cost approach of plaintiffs expert and accepted that of defendant’s expert. As to the mall stores, the Court found plaintiffs income approach to be “fundamentally flawed” in its use of percentage rents derived from old leases, Id. at 525, but accepted the value determined by plaintiffs expert for kiosks and accepted such expert’s capitalization rates. Id. at 526-27. Finally, the Tax Court concluded that neither party proved the value of the land underlying the anchor stores.
Based on the foregoing factual background, the intervenors contend that plaintiff does not, and cannot, adequately represent their interests because:
a. The prior appeals were badly presented, and plaintiff landlord was unsuccessful. The intervenors point in particular to the Tax Court’s rejection of the valuation approach of plaintiffs appraisal expert.
b. The landlord has an interest in having the court assign a higher value allocation to the intervenors and a lower allocation to mall stores, because the intervenors pay their share of taxes and are subject to long term leases.
c. The landlord failed to keep them informed of the progress and status of the previous appeals and failed to solicit or accept their input.
In response to these contentions, plaintiff asserts that:
x. The prior appeals were diligently prosecuted, and plaintiff presented evidence which, if accepted, would have resulted in a substantial reduction in the shopping center assessed value based *24 on substantial reductions in the value of the mall stores and the anchor stores.
y. Plaintiff will diligently prosecute the pending appeals.
z. Plaintiff kept the intervenors informed as to the prior appeals and solicited and welcomed their input, and will do so with respect to the pending appeals.
In deciding whether the interests of the intervenors are adequately represented by plaintiff for purposes of R. 4:33-1, I must first determine whether the lease agreements contain provisions relevant to the issue. Some general principles are applicable to that determination. One is that the R. 4:33-1, relating to intervention as of right, should be liberally construed in favor of intervention. A second is that courts may not remake a contract better than the one agreed upon by the parties. Courts may not alter the agreement for the benefit of one party and to the detriment of the other. A third principle is that courts should interpret a contract in the context of the circumstances in which it was entered into, should consider the relations of the parties, and should accord the provisions of the contract a rational meaning in keeping with the contract’s express general purpose. Sons of Thunder v. Borden, Inc. 285 N.J.Super. 27, 47-49, 666 A.2d 549 (App.Div.1995), rev’d on other grounds, 148 N.J. 396, 690 A.2d 575 (1997); Schenck v. HJI Assocs., 295 N.J.Super. 445, 450-52, 685 A.2d 481 (App.Div.1996), certif. denied, 149 N.J. 35, 692 A.2d 48 (1997).
Each of the contracts herein, that is, each lease, represents the results of negotiations between two sophisticated parties of relatively equal bargaining power. The landlord, Sears and May were represented by competent and sophisticated attorneys. In short, each party to each lease was knowledgeable and well-advised. The leases are comprehensive documents, each containing in excess of eighty printed pages, allocating rights and responsibilities between the parties as to a large variety of complex issues. Article IX is one of those provisions. It contains six subsections and occupies almost seven pages of printed text.
*25 What was the agreement of the parties as to tax appeals? Section 9.2(g), quoted earlier, is the applicable provision of each lease. I find that the rational meaning of the unambiguous language of this Section accords to the plaintiff landlord the right to appeal, and deprives the intervenors of that right except under limited circumstances not present here. Express prohibitions against an independent appeal or joint appeal by the intervenors are absent from the Section, but such prohibitions would be redundant.
Under Section 9.2(g), if the anchor store premises are not separately assessed, as is the case here, an appeal is to be filed by the landlord if the tenant requests, and the request cannot be made “unreasonably.” The tenant agrees to cooperate in any appeal and execute documents “reasonably required for such purpose.” The landlord must contest the assessment “in good faith” and is obligated to pursue the appeal to a “final determination” by a court or other authority having “final jurisdiction.” If the landlord fails or refuses to contest within thirty days after the tenant’s request and thereafter “to prosecute the same with due diligence,” then and only then, does the tenant have the right to contest in the tenant’s name and/or the landlord’s name.
Those are the contractual rights of the parties. If either intervenor had wished to preserve an independent right to appeal or a right to participate in an appeal filed by the landlord, it could have so provided in its lease. The failure of each intervenor to retain or reserve any such right is confirmed by the failure of each, in Section 9.2(g) or elsewhere in Article IX, to reserve rights of lesser magnitude, such as: (i) any approval rights as to the costs of appeals filed by the landlord (each intervenor’s “equitable” share of such costs is to be determined by arbitration) and (ii) any approval rights as to a settlement of an appeal.
The rights of the parties as set forth in Section 9.2(g) undoubtedly reflect considerations such as:
1. The need for income and expense information as to the entire shopping center in order to prosecute an appeal, the *26 unavailability of such information to the tenant, and the landlord’s reluctance to provide this confidential business information.
2. Difficulties an intervenor would encounter in obtaining participation by other tenants in the costs of the appeal, even if the other tenants were obligated by lease to do so.
3. Concerns as to multiple appeals by the several anchor tenants at the shopping center, and the difficulty of resolving issues concerning control of the appeals.
4. The total lack of incentive of the anchor stores to pursue the interests of the mall tenants. (In this connection, the initial letter brief on behalf of each intervenor asserted that “the Intervenor has a vested interest in ensuring that the overall assessment is weighted towards the mall stores rather than its anchor store.”)
5. The landlord’s concern that it have some ability to control appeal filings in the event of other controversies, discussions or negotiations between the landlord and the municipality, or applications by the landlord pending in the municipality.
The facts before me provide no basis for concluding that the landlord is not pursuing the appeals in good faith and with due diligence. Plaintiffs lack of success in the 1991-93 appeals does not suggest that such appeals were not pursued in good faith or with due diligence. Indeed, the record, including the length of the trial and the extensive Proposed Findings of Fact and Conclusion of Law submitted by the plaintiff in such appeals, suggests just the opposite. Similarly, such lack of success does not suggest that the current appeals will not be prosecuted in good faith and with due diligence.
I cannot, and need not, resolve disputes as to the extent to which the intervenors were informed about the prior appeals or the extent to which their assistance was rejected or accepted. These disputes are not relevant to my decision. Whether the landlord keeps the intervenors adequately informed or accepts their assistance does not affect the basic agreement by the intervenors conferring the right to appeal on the landlord. Furthermore, Section 9.2(g) of each lease reflects that neither intervenor *27 reserved any rights to be kept informed of the status of pending appeals or any rights to assist in the preparation of appeals for hearing.
I recognize that this court is likely to determine the contribution to the total value of the shopping center made by each of the anchor stores, and that such determination may affect the intervenors’ respective tax obligations. This does not, however, require the granting of the motions. These sophisticated parties surely knew and understood that the rent structure for anchor stores differs dramatically from the rent structure for mall stores and that reciprocal operating agreements may have an impact on the value of anchor stores but not on the value of mall stores. The parties surely contemplated, therefore, that, in determining the overall value of the shopping center, a court or other tribunal would value the anchor stores on a different and separate basis from the mall stores, and that such different valuations could affect the intervenors’ respective tax shares. Section 9.2(a)(ii) of each lease reflects that each of the intervenors and the landlord anticipated this issue. This Section sets forth a detailed formula for determining each intervenor’s share of taxes on the shopping center land, a different formula for determining taxes on shopping center buildings, and a third formula for calculating taxes on improvements other than buildings.
In summary, each of the intervenors has agreed in its lease that its interests are adequately represented by the landlord. This court should not, cannot, and will not confer on either intervenor rights it did not reserve by contract and thereby alter and disturb a carefully negotiated balancing of rights and obligations.
The holding in Village Supermarkets v. West Orange, 106 N.J. 628, 525 A.2d 823 (1987), is consistent with my analysis and supports my conclusion. In that case the Supreme Court articulated the criteria for determining when a shopping center tenant has a right, independent of its lease, to appeal the tax assessment of the center. The Court held:
Each tribunal should resolve, by the procedures it deems appropriate, the question whether the tenant fairly should be regarded as warranted to prosecute a tax *28 appeal in the landlord’s name from all of the attendant circumstances. Those circumstances will include such factors as (1) the provisions of the lease itself, its duration, the burden of the tax surcharge on the tenant, and the possibility that the issue can soon be resolved by renegotiation; ... (3) whether the tenant will adequately represent the interests of the landlord and other tenants, or whether the tenant has interests adverse to either group; ... (5) the landlord’s overall relationship with the taxing authority, and whether this is but one of multiple properties as to which the landlord may wish to exercise the right to appeal.
[Id. at 634-35, 525 A.2d 323.]
The Court also addressed the possibility of multiple appeals and noted: “Landlords concerned about the issue can readily resolve it by a line in their leases.” Id. at 636, 525 A.2d 323. So, too, could the intervenors have preserved their rights to participate in these appeals “by a line in their leases.” They did not preserve their rights. They are bound by their agreements. Their motions to intervene under R. 4:33-1 are denied.
The intervenors have not applied to intervene under R. 4:33-2 relating to permissive intervention at the discretion of the court. I need not, therefore, consider such Rule. I note, however, that if such application had been filed, I would not permit intervention. Given the foregoing analysis of the lease agreements, I find no reason to complicate these appeals with multiple opinions of value on behalf of the plaintiff and the intervenors (with each intervenor perhaps espousing a different allocation of value among the components of the shopping center in order to keep the value allocation to its premises as low as possible), potential disputes as to who controls the appeals (including settlement negotiations), and a variety of potential discovery issues. Denial of the applications to intervene will not result in additional litigation because the filing deadlines for appeals of 1994 through 1997 assessments have elapsed and, in keeping with the express provisions of their leases, the intervenors did not file appeals.
Counsel for the plaintiff shall, within ten days, submit an appropriate Order pursuant to R. 4:42-l(c).