DeALMEIDA, P.J.T.C.
This constitutes the court’s opinion with respect to three motions concerning the same parcel of real property in Toms River Township. Plaintiff Target Corp. (“Target”), one of six tenants at the subject property, filed Complaints challenging the assessments on the property for tax years 2009 and 2010. Plaintiff SDD, Inc., (“SDD”) the owner of the subject property, also filed Complaints challenging the assessments on the property for tax years 2009 and 2010. Target, which is responsible for the payment of taxes associated with the portion of the property that it leases, moved to consolidate the four appeals. SDD opposed the motion and cross-moved to intervene in the Target appeals for the purpose of seeking the dismissal of those appeals. SDD argues that as owner of the property it has the right to control the legal challenge to the assessments. Finally, Lowe’s Home Centers, Inc. (“Lowe’s”), another tenant at the subject property, moves to intervene in all four appeals. Lowe’s argues that its obligation to pay taxes on the portion of the property it leases gives it a right to be a party in the appeals.
While the motions were pending, SDD submitted to the court a fully executed Stipulation of Settlement between SDD and the municipality reducing the assessment on the subject property for both tax years. The Stipulation calls for a $16,473,800 reduction in the assessment for tax year 2009 to $44,000,000 and a $7,250,000 reduction in the assessment for tax year 2010 to $43,000,000.
The municipality takes no position on the three motions. Toms River characterizes the motions as “intra-party” disputes in which it has no interest.
For the reasons explained more fully below, the court concludes that SDD has the controlling interest in challenging the assessments on the subject property for tax years 2009 and 2010. In light of this determination, the court grants SDD’s motion to intervene in the Target appeals and grants SDD’s motion to dismiss those appeals. In addition, the court will enter Judgments resolving the SDD appeals in accordance with the Stipula *22 tion of Settlement between SDD and the municipality. Target’s motion to consolidate the four appeals is dismissed as moot.
The Lowe’s motion to intervene in these matters is denied both for evidentiary deficiencies and because its interest has been adequately represented by SDD in the property owner’s prosecution and successful settlement of the 2009 and 2010 assessments.
I. Findings of Fact and Procedural History
This letter opinion sets forth the court’s findings of fact and conclusions of law on the parties’ motions. R. 1:7-4.
This matter involves property owned by SDD and designated by Toms River Township as Block 414, Lot 61. The parcel is commonly known as 1331 Hooper Avenue and consists of a retail shopping center with 321,516 square feet of improvements on approximately 24.58 acres. For tax year 2009, the property was assessed at a total of $60,473,800. For tax year 2010, the property was assessed at a total of $50,250,000.
Target is one of six tenants at the property and occupies a store of approximately 122,600 square feet, or 38% of the improved area of the property. According to a July 29, 1998 lease, Target has a non-exclusive right to contest the assessment on the subject property. While the lease provides that Target may “endeavor to obtain a reduction of the assessed valuation” of the property “for the purposes of reducing” local property taxes, the lease expressly contemplates that Target’s rights in this regard are not exclusive. The lease provides that “if Lessor [SDD] contests the validity or amount of any Taxes which includes the Premises, Lessee [Target] shall be entitled to collect, and Lessor shall pay to Lessee ... any refunds or portions thereof----”
On March 20, 2009, SDD filed a Complaint challenging the 2009 assessment on the subject property. That matter was assigned Docket No. 003880-2009. Ten days later, on March 30, 2009, Target filed a Complaint challenging the 2009 assessment on the subject property. That matter was assigned Docket No. 007812-2009.
*23 On March 29, 2010, SDD filed a Complaint challenging the 2010 assessment on the subject property. That matter was assigned Docket No. 007052-2010. The following day, on March 30, 2010, Target filed a Complaint challenging the 2010 assessment on the subject property. That matter was assigned Docket No. 008303-2010.[2]
Target thereafter moved pursuant to R. 8:8-3 to consolidate the Target and SDD appeals because they “present a common question of law or fact, involve the same property ... or the same or similar proofs.” SDD opposed Target’s motion and cross-moved pursuant to R. 4:33-1 and R. 8:5—3(a)(8) to intervene in the two Target appeals for the purpose of seeking their dismissal.
Shortly thereafter, Lowe’s, represented by the same counsel as Target, moved to intervene in all four matters. Lowe’s leases a 134,806 square foot retail building on the subject property and is responsible for the taxes associated with the property it rents.
The court heard oral argument from counsel of all of the motions.
II. Conclusions of Law
The central issue before the court has its origin in N.J.S.A. 54:3-21, the statute establishing jurisdiction to review assessments on real property. The statute provides in relevant part that:
[A] taxpayer feeling aggrieved by the assessed valuation of the taxpayer’s property ... may on or before April 1, or 45 days from the date the bulk mailing of notification of assessment is completed in the taxing district, whichever is later, ... file a complaint directly with the Tax Court, if the assessed valuation of the property subject to the appeal exceeds $1,000,000. In a taxing district where a municipal-wide revaluation or municipal-wide reassessment has been implemented, a taxpayer or a taxing district may appeal before or on May 1 to the county board *24 of taxation by filing with it a petition of appeal or, if the assessed valuation of the property subject to the appeal exceeds $1,000,000, by filing a complaint directly with the State Tax Court.
[N.J.S.A. 54:3-21],
It is well established that one need not be the owner of real property to be an aggrieved taxpayer with standing to challenge an assessment within the meaning of N.J.S.A. 54:3-21. Tenants responsible for the payment of real property taxes have long been recognized as having standing under the statute.
In Township of Ewing v. Mercer Paper Tube Corp., 8 N.J.Tax 84, 91 (Tax 1985), this court held that “the Legislature intended to include within the class of ‘aggrieved taxpayers,’ given the right to appeal tax assessments, any lessee whose lease covers the full tax year and requires him to pay the full assessment of the taxes levied.” (footnote omitted). This court concluded, however, that
[b]ecause real estate taxes are a lien against the real estate, N.J.S.A. 54:5-6, and since in addition to a possible reduction there also exists the risk of an increased assessment, F.M.C. Stores, Inc. v. Borough of Morris Plains, 100 N.J. 418 [495 A.2d 1313] (1985); even though the tenant is solely responsible for the taxes, the owner of the real property is a necessary party, therefore any appeal by the sole tenant ... must be instituted in the name of the owner by the tenant as express agent for the owner, or, as co-plaintiff, or, in lieu thereof, the owner must be included as a co-defendant.
[Id. at 91-92.]
See R. 8:5-3(a)(8)(requiring tenant filing tax appeal to serve a copy of the complaint on the record owner of the property).
In Village Supermarkets, Inc. v. Township of West Orange, 106 N.J. 628, 630-32, 525 A.2d 323 (1987), the Supreme Court effectively affirmed the holding in Mercer Paper Tube and held that in some circumstances a single tenant at a multi-tenanted commercial property is a “taxpayer ... aggrieved by the assessed valuation” of the leased property within the meaning of N.J.S.A. 54:3-21. In that case, an entity that operated a supermarket was the tenant under a lease for a portion of a shopping center. The tenant was required by the lease to pay as additional rent to the landlord all local property taxes due on the portion of the property occupied by the supermarket, as well as an allocated share of the assessment on the common areas of the shopping center. Id. at 629, 525 A.2d 323. The tenant filed appeals with this court *25 challenging the assessment on the entire shopping center for three tax years. Id. at 630, 525 A.2d 323. The landlord moved to intervene to have the three appeals dismissed for want of jurisdiction. Id. at 631, 525 A.2d 323. Although this court granted the motions, the Appellate Division reversed. Ibid.
The Supreme Court allowed the tenant’s tax appeals to proceed. The Court held that N.J.S.A. 54:3-21 “is not an insurmountable bar to the prosecution of an appeal by some net-lease tenants, depending upon their economic circumstances.” Id. at 631-32, 525 A.2d 323. According to Justice O’Hern, who was writing for a unanimous Court, “[t]he most obvious example is the tenant in possession of a free-standing store under a net lease.” Id. at 632, 525 A.2d 323. “In the context of a long-term lease, the landlord has almost no interest in the assessment.” Id. at 632-33, 525 A.2d 323. “At the other end of the spectrum, however, is the tenant in possession of an ice cream stand in a suburban mall. Although such a tenant may have a tax payment or tax surcharge clause in its lease, its interest in the shopping center assessment should not properly be considered one that would confer an independent right to prosecute a tax appeal in its own name.” Id. at 633, 525 A.2d 323. As the Court explained, “[t]he question is one of degree, depending upon the relative circumstances of the parties and their economic interests.” Ibid.
Trial courts are to consider several factors before permitting an appeal to be “brought in the owner’s name by the tenant with notice to the owner.” Ibid. Those factors include:
(1) the provisions of the lease itself, its duration, the burden of the tax surcharge on the tenant, and the possibility that the issue can soon be resolved by renegotiation; (2) the tenant’s relationship to the property, whether it is the lead tenant in a shopping center or only one slightly affected by the assessment; (3) whether the tenant will adequately represent the interests of the landlord and other tenants, or whether the tenant has interests adverse to either group; (4) the tenant’s ability to mount and prosecute an effective appeal; (5) the landlord’s overall relationship with the taxing authority, and whether this is but one of multiple properties as to which the landlord may wish to exercise the right to appeal.
[Id. at 634-35, 525 A.2d 323.1
The property owner’s primary interest is recognized by R. 8:5-3(a)(8), which provides that
*26 A tenant who files a complaint to contest a local property tax assessment, whether such complaint is by direct review pursuant to N.J.S.A. 54:3-21 ... or to review the action of a County Board of Taxation, shall serve a copy of the complaint on the record owner of the property. The court, on application or on its own motion, may permit the owner to intervene as a party plaintiff, may require sendee on other tenants, or may take such other action as it deems appropriate under the circumstances.
The court concludes that SDD should be permitted to intervene in the Target appeals. According to R. 4:33-1
[u]pon timely application anyone shall be permitted to intervene in an action if the applicant claims an interest relating to the property or transaction which is the subject of the action and is so situated that the disposition of the action may as a practical matter impair or impede the ability to protect that interest, unless the applicant’s interest is adequately represented by existing parties.
Motions to intervene pursuant to R. 4:33-1 are viewed liberally. Atlantic Employers Ins. Co. v. Tots & Toddlers Pre-School, 239 N.J.Super. 276, 280, 571 A.2d 300 (App.Div.), certif. denied, 122 N.J. 147, 584 A.2d 218 (1990).
SDD’s interest in the Target appeals is evident. SDD owns the property that is the subject of those appeals. The assessments at issue in the Target appeals concern the entire SDD property, not just the portion of the property for which Target is liable to pay taxes. In addition, SDD is presumably in possession of books and records concerning the income and expenses associated with all six tenants at the property. This is information is crucial to a determination of the true market value of income producing property, such as a commercial shopping center. Parkway Village Apartments Co. v. Township of Cranford, 108 N.J. 266, 270, 528 A.2d 922 (1987); Hull Junction Holding Corp. v. Borough of Princeton, 16 N.J.Tax 68, 79 (Tax 1996). Moreover, SDD filed its own appeals of the assessments on the subject property for tax years 2009 and 2010. SDD has adequately represented the interests of its tenants in those appeals by negotiating significant reductions in the assessments on the subject property for tax years 2009 and 2010. See Livingston Mall Corp. v. Township of Livingston, 17 N.J.Tax 18 (Tax 1997)(holding that tenants not permitted to intervene in property owner’s tax appeal absent indication that property owner was not pursuing appeals diligently). The continued prosecution of the Target appeals without *27 SDD as a party might well interfere with the successful resolution of SDD’s appeals.
Having granted SDD’s motion to intervene in the Target appeals, the court must determine whether SDD has an interest in controlling the appeals sufficient to warrant dismissal of the Target matters in favor of the SDD appeals, which have been settled with the municipality. The holding in Village Supermarkets was issued in the context of a case in which the property owner sought to dismiss a tenant’s appeal so that no challenge would be brought to the assessment on the relevant property. In the present case, both the landlord and the tenant wish to proceed with challenges to the assessments, but dispute which of those two parties has the right to control the outcome of the legal challenges. Similar circumstances were examined by the court in Aperion Enterps., Inc. v. Borough of Fair Lawn, 25 N.J.Tax 70 (Tax 2009). The holding in that ease provides guidance here.
In Aperion, the only tenant in a single building on the subject property was responsible pursuant to the terms of a thirty-five-year, triple-net lease to pay the local property taxes on the property. The tenant dutifully fulfilled its obligation to pay the taxes for the years in question. Id. at 73. The property owner, without the tenant’s knowledge, filed appeals challenging the assessment on the property for four tax years. Once made aware of the pending appeals, the tenant intervened in the appeals. Id. at 73-74. Each party contended it was entitled to any refund of taxes that might result from the appeals and both sought control of the pending appeals, including the ability to accept or reject settlement offers made by the municipality. Id. at 74.
This court adopted the Village Supermarkets standards to decide which of the two interested parties would have control over the prosecution and resolution of the tax appeals. The court explained:
[allthough the Village Supermarkets factors concern whether a net-tenant has standing to file a tax appeal pursuant to N.J.S.A. 54:3-21, in light of the Supreme Court’s recognition that tax appeals may proceed despite the landlord’s desire to have the appeals dismissed, this court finds that the Village Supermarkets factors are also relevant to the determination of whether the tenant’s interest in the *28 assessments on the subject property are sufficient to vest in the tenant the authority to control tax appeals in which the landlord is a co-plaintiff.
[Id. at 79.]
Applying the Village Supermarkets factors to the facts in Aperion, the court concluded that the tenant’s interests predominated over the property owner’s interests, allowing the tenant to control prosecution and settlement of the tax appeals. This was so because the tenant was the sole tenant at the subject property and was obligated to pay all taxes on the subject property for a period of thirty-five years. The rights of no other tenants or the property owner would be affected by the tenant’s resolution of the appeals. In addition, the tenant had possession of all documents relevant to income and expenses, as the tenant was responsible for paying rent and for the costs of all expenses associated with the property. Finally, the tenant was entitled to receive the entire refund resulting from a favorable resolution of the appeals, underscoring the fact that the property owner’s interest in the appeals was diminished. Id. at 81-83.
In the present case, the relevant factors militate toward the conclusion that SDD should have control over the prosecution and resolution of the tax appeals. The factors are addressed in turn.
(1) The Terms of the Lease.
The Target lease, while authorizing the filing of a tax appeal by the tenant, expressly contemplates the filing of a tax appeal by the property owner. The tenant’s right to file an appeal is not, therefore, exclusive. Target’s interest in a refund from a reduction in the assessments is protected by the lease, which provides that Target’s proportionate share of any refund from SDD’s appeals will be returned to Target.
(2) Target’s Relationship to the Property.
Target is one of six tenants at the subject property. While Target occupies 38% of the improved portion of the property, its interest is significantly less than the interest of SDD, which owns the entire parcel and is, ultimately, responsible for the local property taxes assessed on the property. The interests of the *29 other tenants, with whom Target presumably has no relationship, but who are in contractual relationships with SDD, will be affected by the outcome of the appeals.
(3) Adequate Representation.
There is no dispute that SDD can adequately represent the interests of Target. SDD is represented by experienced tax counsel who has demonstrated diligent pursuit of its appeals. In fact, SDD’s counsel has executed a Stipulation of Settlement that provides for a significant reduction in the assessments on the property for 2009 and 2010.
(4) Ability to Mount an Effective Appeal.
SDD had demonstrated its ability to mount an effective appeal by securing a significant reduction in the assessments for the relevant tax years. While it may be true that Target, which is also represented by experienced tax counsel, could have mounted an effective challenge to the assessments, nothing in the record suggests that SDD demonstrated anything other than a spirited challenge to the assessments.
(5) SDD’s Overall Relationship to Toms River Township.
The record contains no evidence with respect to SDD’s overall relationship to the municipality. It is not clear whether SDD owns other property in Toms River Township and whether it may be pursuing other land use and development issues with the municipality. Whatever interests SDD had in this regard are presumably reflected in the settlement it reached with the township.
The court concludes that SDD’s interest in the assessments on the subject property for 2009 and 2010 predominates over that of Target. As a result, the court concludes that SDD will be permitted to control and resolve the challenges to the 2009 and 2010 assessments on the subject property. The court, therefore, will enter Judgments in the two SDD matters reducing the assessments for tax years 2009 and 2010 in accordance with the *30 Stipulation of Settlement between SDD and the township. The two Target matters will be dismissed.
In light of the court’s decisions, Target’s motion to consolidate the four appeals will be dismissed as moot.
Lowe’s Home Centers’ motion to intervene in the four appeals is also moot. The court notes that Lowe’s Home Centers’ motion to inteivene lacks a sufficient evidentiary basis upon which to determine that party’s right to file a challenge to the assessments on the subject property. The motion is accompanied by a certification of counsel which includes just three pages of the purported lease between Lowe’s and SDD. Counsel’s certification does not provide any indication of his personal knowledge that the attached pages of the lease are trae and accurate copies of portions of the lease in effect during the relevant years. Nor does the certification explain why the remainder of the lease, including the signature pages, is not attached to the certification. The page from the lease concerning tax appeals indicates that Lowe’s Home Centers’ right to file an appeal is “[sjubject to the Amended OEA....” The Amended OEA is neither explained nor included in Lowe’s Home Centers’ submission to the court. It is not possible, therefore, to determine the extent of Lowe’s Home Centers’ contractual right to file an appeal with respect to the subject property. Finally, the court notes that the court’s analysis with respect to SDD’s interest in prosecuting and resolving the 2009 and 2010 appeals vis-a-vis Target’s interest would apply equally to the analysis of Lowe’s Home Centers’ motion to intervene.

 On April 1, 2010, Target filed a second Complaint challenging the 2010 assessment on the subject property. That Complaint was assigned Docket No. 011119-2010. None of the motions pending before the court were filed in the matter bearing Docket No. 011119-2010. It is not clear if the parties overlooked that matter or consider it to be duplicative of Docket No. 008303-2010. The court will address the continued viability of the Complaint in Docket No. 011119-2010 through issuance of an Order to Show Cause why that matter should not be dismissed, given the outcome of the parties’ motions in the above-referenced matters.