**TAX COURT OF NEW JERSEY**



**JOSHUA D. NOVIN**
**Judge**

Dr. Martin Luther King, Jr. Justice Building
495 Dr. Martin Luther King, Jr. Blvd., 4th Floor
Newark, New Jersey 07102
Tel: (609) 815-2922, Ext. 54680

**NOT FOR PUBLICATION WITHOUT THE APPROVAL**
**OF THE TAX COURT COMMITTEE ON OPINIONS**

July 26, 2023

John N. Malyska, Esq.
Meyner and Landis, LLP
One Gateway Center
Suite 2500
Newark, New Jersey 07102

William T. Rogers, III, Esq.
Archer & Greiner, P.C.
101 Carnegie Center
Suite 300
Princeton, New Jersey 08540

Wesley E. Buirkle, Esq.[1]
DiFrancesco Bateman Kunzman
 Davis Lehrer & Flaum, P.C.
15 Mountain Boulevard
Warren, New Jersey 07059

> Re:    Montclair Hospital, LLC, tenant in a
> parcel owned by MPT Legacy of Montclair, LLC
> <u>v. Glen Ridge Borough v. MPT Legacy of Montclair, LLC</u>
> Docket Nos. 008630-2019, 002022-2020, 004324-2021, and 003702-2022
>
> -and-
>
> <u>Mountainside Hospital-MPT v. Glen Ridge Borough</u>
> Docket Nos. 012319-2019, 007634-2020, 010221-2021, and 008459-2022

Dear Mr. Malyska, Mr. Rogers, and Mr. Buirkle:

This letter shall constitute the court's opinion on defendant/counterclaimant and third-party

plaintiff, Glen Ridge Borough's ("Glen Ridge") motions seeking entry of an order: (i)

disqualifying Archer & Greiner, P.C. from serving as counsel for Montclair Hospital, LLC,

---

[1] Montclair Township is not a party to these actions. However, the court has included counsel for Montclair Township in this letter opinion as Glen Ridge Borough's counsel has simultaneously filed motions to "intervene as an interested party and to file an answer and to seek disqualification of counsel due to prohibited conflicts of interest" in the matters captioned <u>Montclair Hospital, LLC tenant in a parcel owned by MPT Legacy of Montclair, LLC v. Township of Montclair</u>, docket numbers 008137-2019, 002011-2020, 007557-2021, and 004862-2022.






Montclair Hospital, LLC, tenant in a parcel owned by MPT Legacy of Montclair, LLC
v. Glen Ridge Borough v. MPT Legacy of Montclair, LLC
Docket Nos. 008630-2019, 002022-2020, 004324-2021, and 003702-2022
Mountainside Hospital-MPT v. Glen Ridge Borough
Docket Nos. 012319-2019, 007634-2020, 010221-2021, and 008459-2022
Page -2-

MPT Legacy of Montclair, LLC, and Mountainside Hospital-MPT due to alleged conflicts of interest; (ii) dismissing with prejudice Mountainside Hospital-MPT's complaints, filed under docket numbers 012319-2019, 007634-2020, 010221-2021, and 08459-2022, because no entity bearing the name "Mountainside Hospital-MPT" is authorized to transact business in New Jersey; (iii) compelling discovery from Montclair Hospital, LLC, Mountainside Hospital-MPT, and MPT Legacy of Montclair, LLC; and (iv) compelling a reconciliation by Montclair Hospital, LLC of the square footage of the Mountainside Medical Center.

For the reasons set forth herein, the court: (i) denies Glen Ridge's motions seeking to disqualify Archer & Greiner P.C. from serving as counsel for Montclair Hospital, LLC, MPT Legacy of Montclair, LLC, and Mountainside Hospital-MPT; (ii) denies Glen Ridge's motions seeking dismissal with prejudice of Mountainside Hospital-MPT's complaints, filed under docket numbers 012319-2019, 007634-2020, 010221-2021, and 08459-2022, and affords Mountainside Hospital-MPT leave of court, under R. 4:9-1, to file pleadings amending/correcting plaintiff's name within thirty (30) days; (iii) grants, in part, and denies, in part, Glen Ridge's motions seeking to compel discovery from Montclair Hospital, LLC, Mountainside Hospital-MPT, and MPT Legacy of Montclair, LLC; and (iv) grants, in part, and denies, in part, Glen Ridge's motions compelling a reconciliation by Montclair Hospital, LLC of the square footage of the Mountainside Medical Center.

## I. Procedural History and Factual Findings

Pursuant to R. 1:7-4, the court makes the following findings of fact based on the certifications in support of, and in opposition to, the motions and the pleadings.






Montclair Hospital, LLC, tenant in a parcel owned by MPT Legacy of Montclair, LLC
v. Glen Ridge Borough v. MPT Legacy of Montclair, LLC
Docket Nos. 008630-2019, 002022-2020, 004324-2021, and 003702-2022
Mountainside Hospital-MPT v. Glen Ridge Borough
Docket Nos. 012319-2019, 007634-2020, 010221-2021, and 008459-2022
Page -3-

Plaintiff, Montclair Hospital, LLC ("Montclair Hospital, LLC"),[2] is the tenant of a parcel owned by MPT Legacy of Montclair, LLC ("MPT Legacy").[3] Montclair Hospital, LLC initiated local property tax appeals for the 2019, 2020, 2021, and 2022 tax years challenging the tax assessments on block 92, lot 18, comprising the Mountainside Medical Center facilities (the "Main Hospital Building") in Glen Ridge.

Plaintiff, Mountainside Hospital-MPT ("Mountainside Hospital-MPT") initiated local property tax appeals for the 2019, 2020, 2021, and 2022 tax years challenging the tax assessments on block 91, lot 1 ("Highland Avenue") in Glen Ridge. The Highland Avenue property comprises a surface parking lot for the Mountainside Medical Center. The Main Hospital Building and Highland Avenue properties shall be collectively referred to herein as the "Subject Property."

Glen Ridge filed counterclaims against Montclair Hospital, LLC and Mountainside Hospital-MPT for the 2019, 2020, 2021, and 2022 tax years, arguing each tax year that the "assessment is below the true value" of the Subject Property.

In addition, Glen Ridge filed third-party complaints against MPT Legacy for the 2019, 2020, 2021, and 2022 tax years, similarly arguing that the Main Hospital Building's "assessment is below the true value."

---

[2] Montclair Hospital, LLC (formerly known as Merit Mountainside, LLC) maintains the operating license and operates the health care facility commonly known as Mountainside Medical Center. Montclair Hospital, LLC is owned by Montclair Health System LLC. Montclair Health System LLC is owned 20% by Hackensack University Medical Center and 80% by LHP Hospital Group, Inc. LHP Hospital Group, Inc. is owned by Ardent LHP Hospital Group, Inc. Ardent LHP Hospital Group, Inc. is owned by AHP Health Partners, Inc.

[3] MPT Legacy of Montclair, LLC is owned by Medical Properties Trust, Inc.



Americans with Disabilities Act

ENSURING AN OPEN DOOR TO JUSTICE


Montclair Hospital, LLC, tenant in a parcel owned by MPT Legacy of Montclair, LLC
v. Glen Ridge Borough v. MPT Legacy of Montclair, LLC
Docket Nos. 008630-2019, 002022-2020, 004324-2021, and 003702-2022
Mountainside Hospital-MPT v. Glen Ridge Borough
Docket Nos. 012319-2019, 007634-2020, 010221-2021, and 008459-2022
Page -4-

MPT Legacy filed counterclaims under Glen Ridge's third-party complaints for the 2019, 2020, 2021, and 2022 tax years, arguing that the Main Hospital Building's "assessment(s) is/are in excess of the true or assessable value of the property," and that Glen Ridge's Chapter 123 ratio "does not accurately reflect the common level of assessment in the municipality, and . . . [thus,] is discriminated against by its application."

Montclair Hospital, LLC sold the Main Hospital Building and Highland Avenue properties[4] to MPT Legacy under deed dated March 31, 2014, for reported consideration of $115,000,000. Said deed was recorded in the Essex County Register's Office on April 3, 2014, as instrument number 14023741. Contemporaneous with the execution and delivery of the deed, MPT Legacy, as lessor, and Montclair Hospital, LLC, as lessee, entered into a Lease Agreement for the Main Hospital Building and Highland Avenue properties ("Lease Agreement")[5].

The Lease Agreement commenced on or about March 31, 2014 and runs for an initial term of fifteen (15) years.[6] Under the Lease Agreement, Montclair Hospital, LLC covenanted and agreed "to pay, or cause to be paid, all Impositions before any fine, penalty, interest or cost may be added for non-payment, with such payments to be made directly to the taxing or assessing authorities." Moreover, the Lease Agreement further provides that, "[a]fter obtaining written approval from Lessor, which approval shall not be unreasonably withheld, conditioned or delayed, Lessee may, at Lessee's sole cost and expense, protest, appeal, or institute such other proceedings

---

[4]  Including block 92, lot 4 in Glen Ridge and block 4207, lots 1 and 2 in Montclair Township.

[5]  Including block 92, lot 4 in Glen Ridge and block 4207, lots 1 and 2 in Montclair Township

[6]  Provided that there is no "Event of Default," as defined under the Lease Agreement, Montclair Hospital, LLC has the option to extend the Lease Agreement for four terms, up to twenty (20) years.






Montclair Hospital, LLC, tenant in a parcel owned by MPT Legacy of Montclair, LLC
v. Glen Ridge Borough v. MPT Legacy of Montclair, LLC
Docket Nos. 008630-2019, 002022-2020, 004324-2021, and 003702-2022
Mountainside Hospital-MPT v. Glen Ridge Borough
Docket Nos. 012319-2019, 007634-2020, 010221-2021, and 008459-2022
Page -5-

as Lessee may deem appropriate to effect a refund or reduction of real estate assessments with respect to the Leased Property, and Lessor, at Lessee's expense as aforesaid, shall fully cooperate with Lessee in such protest, appeal, or other action. Any refunds of taxes paid by Lessee shall be the property of Lessee." As such, Montclair Hospital, LLC is "a single net tenant of the Subject Property and is responsible for the payment of all property taxes related to the Subject Property during the term of its tenancy." Further, it is undisputed for purposes of these motions that Montclair Hospital, LLC "has paid and continues to pay the property taxes for the Subject Property for each tax year under appeal."

Montclair Hospital, LLC certifies that on May 19, 2019, it retained Archer & Greiner, P.C. "as counsel for the purpose of pursuing property tax appeals on the Subject Property . . . , in order to obtain a reduction in the assessed value [of the Subject Property] in each tax year pending before this court."[7]

MPT Legacy further offers a certification that it was "aware of the property tax appeals filed by its tenant, Montclair Hospital, LLC . . . at the Subject Property, starting with the 2019 tax year." Moreover, it subsequently became aware of Glen Ridge's third-party complaints for the 2019, 2020, 2021, and 2022 tax years, joining MPT Legacy, as a third-party defendant, in these local property tax appeals. MPT Legacy states that it is "represented by Archer & Greiner, P.C. . . . . as counsel in the pending property tax appeals" and is "also seeking a reduction in the assessed value of the Subject Property for each year under appeal."

---

[7] Thus, although the pleadings under docket numbers 012319-2019, 007634-2020, 010221-2021, and 08459-2022 identify the plaintiff as Mountainside Hospital-MPT, the true identity of the party-in-interest in those local property tax appeals is Montclair Hospital, LLC.






Montclair Hospital, LLC, tenant in a parcel owned by MPT Legacy of Montclair, LLC
v. Glen Ridge Borough v. MPT Legacy of Montclair, LLC
Docket Nos. 008630-2019, 002022-2020, 004324-2021, and 003702-2022
Mountainside Hospital-MPT v. Glen Ridge Borough
Docket Nos. 012319-2019, 007634-2020, 010221-2021, and 008459-2022
Page -6-

Montclair Hospital, LLC asserts that, "[a]t no time during the pendency of the property tax appeals has there been a significant risk that Archer [& Greiner, P.C.]'s representation of the landlord of the Subject Property in the pending tax appeals materially limits Archer [& Greiner, P.C.]'s responsibilities to the [Montclair] Hospital, [LLC]."  Similarly, MPT Legacy asserts that it "is not aware of any significant risk that materially limits Archer [& Greiner, P.C.]'s ability to fulfill its responsibilities to MPT [Legacy] in the pending tax appeals as a result of Archer [& Greiner, P.C.]'s representation of the Tenant in these appeals."

In or about October 2022, Glen Ridge propounded a document captioned "Interrogatories/Requests for Admissions (October 2022) Directed to MPT Legacy of Montclair, LLC" and "Interrogatories/Requests for Admissions (October 2022) Directed to MPT Legacy of Montclair, LLC and Mountainside Hospital-MPT" ("October 2022 Discovery Demands").

The October 2022 Discovery Demands are a commingling of requests for admissions, interrogatory requests, and demands for production of documents.  The October 2022 Discovery Demands contain twenty-five (25) questions, several with multiple subparts.  The court's review of the October 2022 Discovery Demands reveals that many questions initially seek an admission or denial from MPT Legacy or Mountainside Hospital-MPT, and then in the next subpart of that question demand an explanation, facts, or documentation supporting the response to that admission.

In or about November 2022, Glen Ridge propounded a document captioned "Interrogatories/Requests for Admissions (November 2022) Directed to Montclair Hospital, LLC" and "Interrogatories/Requests for Admissions (November 2022) Directed to Mountainside






Montclair Hospital, LLC, tenant in a parcel owned by MPT Legacy of Montclair, LLC
v. Glen Ridge Borough v. MPT Legacy of Montclair, LLC
Docket Nos. 008630-2019, 002022-2020, 004324-2021, and 003702-2022
Mountainside Hospital-MPT v. Glen Ridge Borough
Docket Nos. 012319-2019, 007634-2020, 010221-2021, and 008459-2022
Page -7-

Hospital, LLC" ("November 2022 Discovery Demands").

The November 2022 Discovery Demands are a similar commingling of requests for admissions, interrogatory requests, and demands for production of documents. The November 2022 Discovery Demands contain three distinct parts. Part One is captioned "WITH REGARD TO THE HELENA THEURER PAVILLION [sic] OF HACKENSACK UNIVERSITY MEDICAL CENTER LOCATED IN HACKENSACK, NEW JERSEY." Part Two is captioned "FURTHER WIITH [sic] REGARD TO THE HELENA THEURER PAVILLION [sic] OF HACKENSACK UNIVERSITY MEDICAL CENTER LOCATED IN HACKENSACK, NEW JERSEY." Part Three is captioned "WITH REGARD TO CN 2017 – i.e., THE 2017 CERTIFICATE OF NEED CONCERNING THE PARTIAL TRANSFER OF DIRECT/INDIRECT OWNERSHIP INTEREST IN MONTCLAIR HOSPITAL, LLC." In total, the November 2022 Discovery Demands comprise approximately fifteen (15) questions, several with multiple subparts. The November 2022 Discovery Demands seek admissions from Montclair Hospital, LLC and documentation supporting the responses.

By letters dated December 29, 2022 and January 20, 2023, Glen Ridge sought clarification of several square footage calculations for the Main Hospital Building produced by Montclair Hospital, LLC in spreadsheets and floor plans. Glen Ridge demanded that Montclair Hospital, LLC "reconcile the materially differing square footage totals (all of which were supplied by the [Montclair] Hospital [, LLC])."

On February 5, 2023, Glen Ridge moved before the court seeking entry of an order compelling Montclair Hospital, LLC to provide a reconciliation of the differing square footage






Montclair Hospital, LLC, tenant in a parcel owned by MPT Legacy of Montclair, LLC
v. Glen Ridge Borough v. MPT Legacy of Montclair, LLC
Docket Nos. 008630-2019, 002022-2020, 004324-2021, and 003702-2022
Mountainside Hospital-MPT v. Glen Ridge Borough
Docket Nos. 012319-2019, 007634-2020, 010221-2021, and 008459-2022
Page -8-

submissions.

On February 6, 2023, Glen Ridge moved before the court seeking entry of an order compelling MPT Legacy and Mountainside Hospital-MPT to provide responses to the October 2022 Discovery Demands.

On February 13, 2023, Glen Ridge moved before the court seeking entry of an order compelling Montclair Hospital, LLC to provide responses to the November 2022 Discovery Demands.

On February 13, 2023, Glen Ridge moved before the court seeking entry of an order dismissing with prejudice the complaints filed by Mountainside Hospital-MPT asserting that no such entity exists or is qualified to do business in New Jersey.

On February 15, 2023, Glen Ridge moved before the court seeking entry of an order disqualifying the law firm of Archer & Greiner, P.C. from further representation of Montclair Hospital, LLC, MPT Legacy, and Mountainside Hospital-MPT, asserting that a prohibited concurrent conflict of interest exists under RPC 1.7.

## II. Conclusions of Law

### A. Motions to Disqualify

"[A] motion for disqualification calls for [the court] to balance competing interests, weighing the 'need to maintain the highest standards of the profession' against a 'client's right freely to choose his [or her] counsel.'" Dewey v. R.J. Reynolds Tobacco Co., 109 N.J. 201, 218 (1988) (quoting Gov't of India v. Cook Indus., Inc., 569 F.2d 737, 739 (2d Cir. 1978)). However, "[d]isqualification of counsel is a harsh discretionary remedy which must be used sparingly."






Montclair Hospital, LLC, tenant in a parcel owned by MPT Legacy of Montclair, LLC
v. Glen Ridge Borough v. MPT Legacy of Montclair, LLC
Docket Nos. 008630-2019, 002022-2020, 004324-2021, and 003702-2022
Mountainside Hospital-MPT v. Glen Ridge Borough
Docket Nos. 012319-2019, 007634-2020, 010221-2021, and 008459-2022
Page -9-

Cavallaro v. Jamco Prop. Mgmt., 334 N.J. Super. 557, 572 (App. Div. 2000). "Although doubts are to be resolved in favor of disqualification, the party seeking disqualification must carry a 'heavy burden' and must meet a 'high standard of proof' before a lawyer is disqualified." Carlyle Towers Condominium Ass'n, Inc. v. Crossland Sav., 944 F. Supp. 341, 345 (D.N.J. 1996) (quoting Alexander v. Primerica Holdings, Inc., 822 F. Supp. 1099, 1114 (D.N.J. 1993)); see also City of Atlantic City v. Trupos, 201 N.J. 447, 463 (2010) (concluding that "the burden of persuasion on all elements under RPC 1.9(a) remains with the moving party, as it 'bears the burden of proving that disqualification is justified'" (quoting N.J. Div. of Youth & Family Servs. v. V.J., 386 N.J. Super. 71, 75 (Ch.Div. 2004))).

When examining a motion to disqualify counsel, the trial court must engage in a "painstaking analysis of the facts." Dewey, 109 N.J. at 205 (quoting Reardon v. Marlayne, Inc., 83 N.J. 460, 469 (1980)). Importantly, the court must also be cognizant that disqualification motions can be misused as a litigation tactic that can delay an examination of the merits of the claims and can undermine the judicial process. Dewey, 109 at 218. Thus, "close judicial scrutiny of the facts of each case is 'required to prevent unjust results.'" Carlyle Towers Condominium Ass'n, Inc., 944 F. Supp. at 345 (quoting Gould, Inc. v. Mitsui Mining & Smelting Co., 738 F. Supp. 1121, 1126 (N.D. Ohio 1990)).

In some situations, a motion to disqualify counsel can be evaluated on the submission of certifications; in other situations, an evidentiary hearing may be necessary. See Twenty-First Century Rail Corp. v. New Jersey Transit Corp., 210 N.J. 264 271 n.3 (2012); O Builders & Assocs., Inc. v. Yuna Corp. of NJ, 206 N.J. 109, 114 (2011); Comando v. Nugiel, 436 N.J. Super.


Interpreter


ADA
Americans with
Disabilities Act


ENSURING
AN OPEN DOOR TO
JUSTICE



Montclair Hospital, LLC, tenant in a parcel owned by MPT Legacy of Montclair, LLC
v. Glen Ridge Borough v. MPT Legacy of Montclair, LLC
Docket Nos. 008630-2019, 002022-2020, 004324-2021, and 003702-2022
Mountainside Hospital-MPT v. Glen Ridge Borough
Docket Nos. 012319-2019, 007634-2020, 010221-2021, and 008459-2022
Page -10-

203, 218-19 (App. Div. 2014); Van Horn v. Van Horn, 415 N.J. Super. 398, 416 (App. Div. 2010).

Here, the court finds that it possesses an adequate accounting of the facts and ample record from the certifications offered to arrive at a conclusion without the necessity of an evidentiary hearing.

It is undisputed that Archer & Greiner, P.C. represents Montclair Hospital, LLC and MPT Legacy, plaintiff and third-party defendant/counterclaimant in these local property tax appeals, who are also the lessor and lessee under the Lease Agreement.

RPC 1.7(a) provides, in relevant part:

> (a) Except as otherwise provided in paragraph (b), a lawyer shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if:
>
> (1) the representation of one client will be directly adverse to another client; or
> (2) there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client, or a third person or by a personal interest of the lawyer.
>
> [RPC 1.7(a).]

Thus, RPC 1.7(a) expressly prohibits two types of concurrent representations: (1) direct adversarial representations, and (2) representations that pose a significant risk of material limitation in the lawyer's responsibilities to a client. The prohibition contained under RPC 1.7(a) against certain concurrent representations "arises out of the fundamental proposition that an attorney owes a duty of undivided loyalty to his or her client." Manoir-Electroalloys Corp. v. Amalloy Corp., 711 F. Supp. 188, 192 (D.N.J. 1989). RPC 1.7(a) "reflects 'the fundamental understanding that an attorney will give complete and undivided loyalty to the client' [and] 'should be able to advise the client in such a way as to protect the client's interests, utilizing his professional






Montclair Hospital, LLC, tenant in a parcel owned by MPT Legacy of Montclair, LLC
v. Glen Ridge Borough v. MPT Legacy of Montclair, LLC
Docket Nos. 008630-2019, 002022-2020, 004324-2021, and 003702-2022
Mountainside Hospital-MPT v. Glen Ridge Borough
Docket Nos. 012319-2019, 007634-2020, 010221-2021, and 008459-2022
Page -11-

training, ability and judgment to the utmost.'" J.G. Ries & Sons, Inc. v. Spectraserv, Inc., 384 N.J. Super. 216, 223 (App. Div. 2006) (alteration in original) (quoting State ex rel. S.G., 175 N.J. 132, 139 (2003)).

### 1. Direct adversarial representation

RPC 1.7(a)(1) is clear and unequivocal in its prohibition: a lawyer shall not represent a client in a litigation when representation of another client in that litigation will be directly adverse to the other client. Comando, 436 N.J. Super. at 214; McDaniel v. Man Wai Lee, 419 N.J. Super. 482, 497 (App. Div. 2011).[8]

Moreover, RPC 1.9 states that:

> [a] lawyer who has represented a client in a matter shall not thereafter represent another client in the same or a substantially related matter in which that client's interests are materially adverse to the interests of the former client unless the former client gives informed consent confirmed in writing.

> [RPC 1.9.]

In support of its motions, Glen Ridge asserts that the interests of Montclair Hospital, LLC and MPT Legacy "are not only inherently and concurrently adverse but are intricately entwined in a complicated and ongoing commercial transaction coupled with a complicated and ongoing real estate transaction where large sums of money are at stake, where contracts contain complex contingencies, and where options are numerous." Glen Ridge argues that our Supreme Court's "bright-line rule" prohibiting certain concurrent representations, as articulated under Baldasarre v.

---

[8] Notably, however, the appearance of impropriety standard may not be used as a basis to find a conflict of interest under RPC 1.7 or RPC 1.9. See State v. Hudson, 443 N.J. Super. 276 (App. Div. 2015).





Montclair Hospital, LLC, tenant in a parcel owned by MPT Legacy of Montclair, LLC
v. Glen Ridge Borough v. MPT Legacy of Montclair, LLC
Docket Nos. 008630-2019, 002022-2020, 004324-2021, and 003702-2022
Mountainside Hospital-MPT v. Glen Ridge Borough
Docket Nos. 012319-2019, 007634-2020, 010221-2021, and 008459-2022
Page -12-

Butler, 132 N.J. 278 (1993), precludes Archer & Greiner, P.C. from representing both Montclair Hospital, LLC and MPT Legacy.

Moreover, Glen Ridge further asserts that the relationship between MPT Legacy and Montclair Hospital, LLC, as lessor and lessee under the Lease Agreement, creates a direct adversarial relationship. Glen Ridge highlights that because the Lease Agreement "is silent on whether the lessor's written approval is required before the lessee can enter into a settlement," the absence of such a "mechanism for dispute resolution presents [a] concurrent conflict." Thus, Glen Ridge maintains that because of this vagueness, a conflict could arise with respect to any potential settlement and "disagreements as to refund entitlements have led to litigation." See Aperion Enterprises, Inc. v. Borough of Fair Lawn, 25 N.J. Tax 70 (2009).

In addition, Glen Ridge emphasizes that under several articles in the Lease Agreement (casualty insurance coverage, future rent calculation, etc.), Montclair Hospital, LLC possesses a "vested interest . . . in claiming or asserting a low fair market value" for the Subject Property, while MPT Legacy, conversely, "need[s] to assert a high fair market value." Thus, "the potential for conflict in this type of complex real estate transaction is too great to permit even consensual dual representation."

In response, Archer & Greiner, P.C. maintains that Glen Ridge has not met its burden to justify disqualification. Archer & Greiner, P.C. asserts that Glen Ridge's motions are based on a "falsehood" that "the relationship between a landlord and a tenant can only be inherently hostile or adversarial." Rather, Archer & Greiner, P.C. stresses that no adversarial relationship exists between Montclair Hospital, LLC and MPT Legacy, who, despite the lack of commonality of






Montclair Hospital, LLC, tenant in a parcel owned by MPT Legacy of Montclair, LLC
v. Glen Ridge Borough v. MPT Legacy of Montclair, LLC
Docket Nos. 008630-2019, 002022-2020, 004324-2021, and 003702-2022
Mountainside Hospital-MPT v. Glen Ridge Borough
Docket Nos. 012319-2019, 007634-2020, 010221-2021, and 008459-2022
Page -13-

ownership, share the goal of obtaining a reduction in the Subject Property's tax assessments.

Here, based on the court's review of the pleadings and motion record, the court does not find that Glen Ridge has proven that: (i) Archer & Greiner, P.C.'s representation of Montclair Hospital, LLC in these local property tax appeal matters is "directly adverse" to MPT Legacy, or (ii) Archer & Greiner, P.C.'s representation of MPT Legacy in these local property tax matters is "directly adverse" to Montclair Hospital, LLC under RPC 1.7(a)(1).

While Glen Ridge correctly points out that the relationship between MPT Legacy and Montclair Hospital, LLC is that of lessor and lessee, that fact standing alone does not inevitably lead the court to conclude that they are "directly adverse." The mere possibility that the relationship and Lease Agreement between Montclair Hospital, LLC and MPT Legacy may trigger future disputes involving the rent payable or other obligations under the Lease Agreement is not the barometer by which the court measures whether their interests are directly adverse in these local property tax appeal matters under RPC 1.7(a)(1).

Moreover, the court finds Glen Ridge's reliance on Baldasarre v. Butler, for the proposition that the Supreme Court's "bright-line rule prohibiting dual representation" should be applicable to these matters, is misplaced. 132 N.J. 278, 296 (1993). In Baldasarre, the plaintiffs retained Butler as counsel for their late father's estate, and to assist them in selling a 40.55-acre tract of undeveloped land that they inherited from their father. Plaintiffs presented Butler with an outline of the terms under which they would sell the property. Butler approached one of his clients, DiFrancesco, who expressed interest in buying the property under plaintiffs' terms. However, DiFrancesco added two additional terms: he wanted the right to assign the contract, and the right






Montclair Hospital, LLC, tenant in a parcel owned by MPT Legacy of Montclair, LLC
v. Glen Ridge Borough v. MPT Legacy of Montclair, LLC
Docket Nos. 008630-2019, 002022-2020, 004324-2021, and 003702-2022
Mountainside Hospital-MPT v. Glen Ridge Borough
Docket Nos. 012319-2019, 007634-2020, 010221-2021, and 008459-2022
Page -14-

to waive the subdivision approval contingency. DiFrancesco further wanted Butler to represent him in the purchase transaction with plaintiffs and with the subdivision approval process. Butler advised plaintiffs and DiFrancesco of the potential conflict of interest and had plaintiffs and DiFrancesco execute written waiver agreements, waiving the concurrent conflict of interest. Thereafter, unknown to plaintiffs, Butler represented DiFrancesco in negotiating a contract to sell the property to another construction company once he obtained title to the property. When plaintiffs learned of the contract between DiFrancesco and the construction company, they sued Butler and sought recission of the contract with DiFrancesco. Emphasizing the consequences, dangers, and hazards that can arise from the dual representation of a buyer and a seller in a complex real estate transaction, our Supreme Court expressed that,

> [t]he disastrous consequences of Butler's dual representation convinces us that a new bright-line rule prohibiting dual representation is necessary in commercial real estate transactions where large sums of money are at stake, where contracts contain complex contingencies, or where options are numerous. The potential for conflict in that type of complex real estate transaction is too great to permit even consensual dual representation of buyer and seller. Therefore, we hold that an attorney may not represent both the buyer and the seller in a complex commercial real estate transaction even if both give their informed consent.
>
> [Baldasarre, 132 N.J. at 295-96 (emphasis added).]

No allegation has been raised by Glen Ridge that Archer & Greiner, P.C. is representing or has represented both Montclair Hospital, LLC and MPT Legacy in connection with the negotiation of the Lease Agreement, or that there are any ongoing lease negotiations between Montclair Hospital, LLC and MPT Legacy where Archer & Greiner, P.C. is serving as their counsel. Rather, Glen Ridge contends that, because Montclair Hospital, LLC, as lessee, and MPT






Montclair Hospital, LLC, tenant in a parcel owned by MPT Legacy of Montclair, LLC
v. Glen Ridge Borough v. MPT Legacy of Montclair, LLC
Docket Nos. 008630-2019, 002022-2020, 004324-2021, and 003702-2022
Mountainside Hospital-MPT v. Glen Ridge Borough
Docket Nos. 012319-2019, 007634-2020, 010221-2021, and 008459-2022
Page -15-

Legacy, as lessor, are parties to the Lease Agreement, their relationship is so "intricately entwined" that it contravenes the "bright-line rule" established under Baldasarre.

It is undisputed that the Subject Property involved is a regional medical center and its management/ownership involves a complex commercial structure. However, these local property tax appeal matters are not commercial real estate transactions of the sort described in Baldasarre. This is litigation, and in these local property tax appeals, both parties seek substantially identical goals, a determination that the Subject Property's true or market value are less than its equalized value, and a corresponding reduction in the Subject Property's tax assessments.

Moreover, the motion record has failed to disclose that Montclair Hospital, LLC and MPT Legacy are engaged in any other pending litigation or have an acrimonious relationship with each other. The court's review of the motion record and pleadings does not disclose any claims or allegations levied by Montclair Hospital, LLC against MPT Legacy, or vice versa. Thus, the court finds that no evidence has been presented to the court by Glen Ridge demonstrating that a direct adversarial relationship exists between Montclair Hospital, LLC and MPT Legacy under RPC 1.7(a)(1).

      2.    Significant risk that representation will be
           materially limited by responsibilities to another client

In adopting RPC 1.7(a)(2), our Supreme Court employed language requiring consideration of whether, based on an objective evaluation of facts presently known, a significant risk "will" exist in the future, materially impacting a lawyer's responsibilities to another client. In adopting RPC 1.7(a)(2), the intended goal was for attorneys to avoid "placing themselves in the position of serving two masters with incompatible interests." In re Op. 682 of the Advisory Comm. On Prof'l






Montclair Hospital, LLC, tenant in a parcel owned by MPT Legacy of Montclair, LLC
v. Glen Ridge Borough v. MPT Legacy of Montclair, LLC
Docket Nos. 008630-2019, 002022-2020, 004324-2021, and 003702-2022
Mountainside Hospital-MPT v. Glen Ridge Borough
Docket Nos. 012319-2019, 007634-2020, 010221-2021, and 008459-2022
Page -16-

Ethics, 147 N.J. 360, 368 (1997). Thus, the court's determination of whether a significant risk, under RPC 1.7(a)(2), exists that Archer & Greiner, P.C.'s representation of Montclair Hospital, LLC and MPT Legacy will be materially limited by the lawyer's responsibilities to each client is more nebulous.

Critical to identifying whether a significant risk will exist is, "'the likelihood that a difference in interests' will arise, and 'if it does, whether it will materially interfere with the lawyer's independent professional judgment in considering alternatives or foreclose courses of action that reasonably should be pursued on behalf of the client.'" In re Opinion No. 17-2012 of Advisory Committee on Professional Ethics, 220 N.J. 468, 469 (2014). Accordingly, "the problem of multiple representation is best addressed by an evaluation by the individual attorney of the circumstances of each case, so that he or she may determine whether the common representation of the prospective clients can be undertaken. In every such case the attorney will have to be satisfied based on objective reasonableness that there is no direct adversity between the defendants and that joint representation will not adversely affect the relationship of either class of defendants, RPC 1.7(a), nor materially limit his or her professional responsibilities towards any such client-defendant, RPC 1.7(b)." In re Petition for Review of Opinion 552 of Advisory Committee on Professional Ethics, 102 N.J. 194, 206 (1986).

Glen Ridge argues that, generally, in all local property tax appeal litigation the taxpayer and/or property owner face the prospect of an increase in the property's local property tax assessment following trial. See Passaic St. Realty Assoc. v. Garfield City, 13 N.J. Tax 482, 484 (Tax 1993) (concluding that "[i]n a revaluation year the court will not increase the assessment

   

Montclair Hospital, LLC, tenant in a parcel owned by MPT Legacy of Montclair, LLC
v. Glen Ridge Borough v. MPT Legacy of Montclair, LLC
Docket Nos. 008630-2019, 002022-2020, 004324-2021, and 003702-2022
Mountainside Hospital-MPT v. Glen Ridge Borough
Docket Nos. 012319-2019, 007634-2020, 010221-2021, and 008459-2022
Page -17-

above the assessor's or county board's determination, absent the filing of a counterclaim or a petition by the municipality. In years other than revaluation years, the assessment can be increased even without the filing of a counterclaim or complaint by the taxing district").

Glen Ridge highlights that Section 12.1 of the Lease Agreement permits MPT Legacy to demand Montclair Hospital, LLC pay "an amount not to exceed the contested amount," if Montclair Hospital, LLC challenges an Imposition "involv[ing] a sum of money or potential loss in excess of Two Percent (2.0%) of the Lease Base." Thus, Glen Ridge asserts that because the prospect of an increased tax assessment could result in a loss exceeding the two percent threshold, a significant risk exists that different interests will arise between Montclair Hospital, LLC and MPT Legacy, resulting in a material interference of Archer & Greiner, P.C.'s duties to each client.

Moreover, Glen Ridge argues that because the supplemental certifications submitted fail to adequately disclose that informed consent was given by Montclair Hospital, LLC and MPT Legacy under RPC 1.7(b), disqualification of Archer & Greiner, P.C. is warranted. [9]

---

[9] Under RPC 1.7(b), a "lawyer may represent a client if: (1) each affected client gives informed consent, confirmed in writing, after full disclosure and consultation, provided, however, that a public entity cannot consent to any such representation. When the lawyer represents multiple clients in a single matter, the consultation shall include an explanation of the common representation and the advantages and risks involved; (2) the lawyer reasonably believes that the lawyer will be able to provide competent and diligent representation to each affected client; (3) the representation is not prohibited by law; and (4) the representation does not involve the assertion of a claim by one client against another client represented by the lawyer in the same litigation or other proceeding before a tribunal." Thus, RPC 1.7(b) allows for joint representation of parties on one side of a litigation only if the lawyer has explained the potential conflicts to each client and each client has provided informed written consent. Informed consent is defined as "the agreement by a person to a proposed course of conduct after the lawyer has communicated adequate information and explanation about the material risks of and reasonably available alternatives to the proposed course of conduct." RPC 1.0(e); see In re Lanza, 65 N.J. 347, 352, (1974).


Interpreter


ADA
Americans with
Disabilities Act


ENSURING
AN OPEN DOOR TO
JUSTICE



Montclair Hospital, LLC, tenant in a parcel owned by MPT Legacy of Montclair, LLC
v. Glen Ridge Borough v. MPT Legacy of Montclair, LLC
Docket Nos. 008630-2019, 002022-2020, 004324-2021, and 003702-2022
Mountainside Hospital-MPT v. Glen Ridge Borough
Docket Nos. 012319-2019, 007634-2020, 010221-2021, and 008459-2022
Page -18-

In response, Montclair Hospital, LLC and MPT Legacy assert that RPC l.7(a)(2) requires counsel to "'reasonably believe' that it can provide 'competent and diligent representation' to affected clients. Archer [& Greiner, P.C.] not only believes it can provide such representation, it is." Moreover, Montclair Hospital, LLC and MPT Legacy assert that Glen Ridge has "manufactured this situation by forcing MPT [Legacy of Montclair, LLC]'s involvement in this action as a third-party defendant. Such action by the [Glen Ridge] Borough was and is wholly unnecessary under the Court Rules and well-established case law pertaining to tenant-initiated tax appeals. The [Montclair] Hospital, [LLC] as the single-net tenant is the party responsible for the payment of the property taxes during the pendency of its long-term lease. Therefore, the landlord has 'almost no interest in the assessment.'"

Additionally, Montclair Hospital, LLC and MPT Legacy argue that the lack of common ownership in the Subject Property or common management is "irrelevant" and "does not inherently create a 'significant risk that the representation' of the [Montclair] Hospital [, LLC] or MPT [Legacy] 'will be materially limited by' Archer [& Greiner, P.C.]'s responsibilities to the [Montclair] Hospital [, LLC] or MPT [Legacy]."

The court emphasizes that the mere possibility that a potential conflict of interest could arise at a future date does not preclude concurrent representation under RPC 1.7(a)(2). As explained by our Supreme Court in Sears Mortgage Corp. v. Rose, although "the possibility of a conflict of interest engenders a duty of full disclosure and disqualification if an actual conflict occurs," it is at the point when the possible conflict blossoms into an actual conflict, and not before, that the dual representation must end. 134 N.J. 326, 342-43 (1993) (emphasis added). This logic






Montclair Hospital, LLC, tenant in a parcel owned by MPT Legacy of Montclair, LLC
v. Glen Ridge Borough v. MPT Legacy of Montclair, LLC
Docket Nos. 008630-2019, 002022-2020, 004324-2021, and 003702-2022
Mountainside Hospital-MPT v. Glen Ridge Borough
Docket Nos. 012319-2019, 007634-2020, 010221-2021, and 008459-2022
Page -19-

and reasoning was reinforced by our Supreme Court in In re Opinion No. 17-2012 of Advisory Committee on Professional Ethics, where the Court stated that the "mere possibility of subsequent harm does not itself require disclosure and consent" under RPC 1.7(a), rather "there must be 'a significant risk that a lawyer's ability to consider, recommend or carry out an appropriate course of action for the client will be materially limited as a result of the lawyer's other responsibilities or interests.'" 220 N.J. at 469 (quoting ABA Model Rules of Prof'l Conduct, R. 1.7 cmt. 8 (2013)).

Although local property tax appeal litigation may give rise to potential exposure to a taxpayer and/or property owner of a raised tax assessment, the mere possibly that such claim may exist is not the barometer by which the court measures concurrent conflicts of interest under RPC 1.7(a)(2). Rather, the court's inquiry under RPC 1.7(a)(2) focuses on whether a significant risk will materialize in the future, considerably impacting a lawyer's responsibilities to another client. In conducting the inquiry, the court must evaluate the likelihood that differences in interest will arise, and whether such difference will "materially interfere with the lawyer's independent professional judgment in considering alternatives or foreclose courses of action that reasonably should be pursued on behalf of the client.'" In re Opinion No. 17-2012 of Advisory Committee on Professional Ethics, 220 N.J. at 469.

Here, the court finds that Glen Ridge has failed to demonstrate that Archer & Greiner, P.C.'s concurrent representation of Montclair Hospital, LLC and MPT Legacy, including the likelihood that future differences of interest will arise, poses a significant risk that Archer & Greiner, P.C.'s representation of one client will be materially limited. Therefore, Glen Ridge's motions seeking to disqualify Archer & Greiner, P.C. from representing Montclair Hospital, LLC,






Montclair Hospital, LLC, tenant in a parcel owned by MPT Legacy of Montclair, LLC
v. Glen Ridge Borough v. MPT Legacy of Montclair, LLC
Docket Nos. 008630-2019, 002022-2020, 004324-2021, and 003702-2022
Mountainside Hospital-MPT v. Glen Ridge Borough
Docket Nos. 012319-2019, 007634-2020, 010221-2021, and 008459-2022
Page -20-

MPT Legacy, and Mountainside Hospital-MPT are hereby denied.

  B.  <u>Motions to Dismiss</u>

  Glen Ridge charges that "[a] search of the State of New Jersey's online business services indicates no entity with the name 'Mountainside Hospital MPT' exists or is qualified to do business in New Jersey." Moreover, Glen Ridge asserts that although "use of the initials 'MPT' in the name . . . suggests this 'entity' is affiliated with a group of entities themselves affiliated with MPT Legacy [of Montclair, LLC] . . . Glen Ridge . . . has no knowledge or information about Mountainside-MPT." Therefore, the court should dismiss the complaints because "Mountainside Hospital-MPT" is not authorized to transact business in New Jersey, and Mountainside Hospital, LLC and MPT Legacy have unclean hands.

  Here, the court's review of the motions record discloses that for the 2019, 2020, 2021, and 2022 tax years, Glen Ridge's tax assessment roll reflected the owner of the Highland Avenue property as "Mountainside Hospital-MPT." Moreover, for the 2019, 2020, 2021, and 2022 tax years, the Essex County Board of Taxation issued Memorandum of Judgments bearing the name of the taxpayer/petitioner as "Mountainside Hospital-MPT." Thus, despite Montclair Hospital, LLC admittedly having sold the Highland Avenue Property to MPT Legacy under deed dated March 31, 2014, for unknown reasons, Glen Ridge's municipal tax assessment rolls continued to identify the Highland Avenue property owner as "Mountainside Hospital-MPT."[10]

---

[10] Our Legislature delineated the tax assessment process under N.J.S.A. 54:4-23. A part of that process includes the tax assessor's duty to "ascertain the names of the owners of all real property situate in his taxing district[.]" N.J.S.A. 54:4-23. Moreover, the municipal tax assessor is charged with the duty of annually preparing the municipal tax assessment roll containing "the names of the






Montclair Hospital, LLC, tenant in a parcel owned by MPT Legacy of Montclair, LLC
v. Glen Ridge Borough v. MPT Legacy of Montclair, LLC
Docket Nos. 008630-2019, 002022-2020, 004324-2021, and 003702-2022
Mountainside Hospital-MPT v. Glen Ridge Borough
Docket Nos. 012319-2019, 007634-2020, 010221-2021, and 008459-2022
Page -21-

However, despite knowledge of such error, neither MPT Legacy, nor Montclair Hospital, LLC seemingly made any written request upon Glen Ridge's municipal tax assessor to correct the tax assessment rolls. Instead, Montclair Hospital, LLC filed local property tax appeal complaints on the Highland Avenue property, continuing to perpetuate the error for the 2019, 2020, 2021, and 2022 years. Under each of those complaints, Montclair Hospital, LLC identified "Mountainside Hospital-MPT" as the plaintiff and did not identify itself on either the complaints or in the case information statements.

In the local property tax appeal context, one of the critical goals of our Legislature was to "to ensure municipalities receive timely notice that a particular property's valuation is subject to challenge." Prime Acct. Dept. v. Twp. of Carney's Point, 212 N.J. 493, 508 (2013). As stated by our Supreme Court,

> [p]ursuant to Rule 8:3-5(a)(1), the first paragraph of a tax appeal complaint or counterclaim 'shall set forth the block, lot and street address of the property.' R. 8:3-5(a)(1). The complaint must include the name of the owner, the assessment and the type of property. Ibid. It must identify by year any action pending in the Tax Court that concerns the same property, and must indicate whether the taxpayer claims an exemption or farmland qualification.
>
> [Ibid.]

Our Supreme Court further observed that the "statutory scheme for tax assessments and the procedural requirements for tax appeals serve common objectives. Municipalities are required to maintain updated tax assessment lists and to provide effective notice to each taxpayer." Ibid.

---

owners [of real property] , and [shall] set down in proper columns opposite each name the description and area of each parcel sufficient to ascertain its location. . . ." N.J.S.A. 54:4-24.






Montclair Hospital, LLC, tenant in a parcel owned by MPT Legacy of Montclair, LLC
v. Glen Ridge Borough v. MPT Legacy of Montclair, LLC
Docket Nos. 008630-2019, 002022-2020, 004324-2021, and 003702-2022
Mountainside Hospital-MPT v. Glen Ridge Borough
Docket Nos. 012319-2019, 007634-2020, 010221-2021, and 008459-2022
Page -22-

(citing N.J.S.A. 54:4-23, -24, -29, -30, -31, -34, -35, -36, -36.1, -37, -38)

However, when a complaint contains errors or misstatements, it is within the discretion of the trial court to permit the plaintiff leave to amend the complaint to correct errors and/or to allege additional facts to state a proper cause of action. Hoffman v. Hampshire Labs, Inc., 405 N.J. Super. 105, 116 (App. Div. 2009). The exercise of the trial court's discretion to amend is carried out through a two-step process which considers "whether the non-moving party will be prejudiced, and whether granting the amendment would nonetheless be futile." Grillo v. State, 469 N.J. Super. 267, 275 (App. Div. 2021) (quoting Notte v. Merchs. Mut. Ins. Co., 185 N.J. 490, 501 (2006)).

After an answer to a complaint is filed, the plaintiff "may amend a pleading only by written consent of the adverse party." R. 4:9-1. However, "Rule 4:9-1 requires that motions for leave to amend be granted liberally." Notte, 185 N.J. at 501 (quoting Kernan v. One Wash. Park Urban Renewal Assocs., 154 N.J. 437, 456-57 (1997)). Moreover, a motion for leave to amend "'should generally be granted even if the ultimate merits of the amendment are uncertain.'" Marinelli v. Mitts & Merrill, 303 N.J. Super. 61, 77 (App. Div. 1997) (internal citation omitted).

Thus, R. 4:9-1's express "language, and the majority of cases applying it, address the typical setting in which a defendant has been misidentified in a prior pleading." Prime Acct. Dept., 212 N.J. at 513. R. 4:9-1 "has also been applied to an amendment re-identifying the party making the claim provided all of the conditions of the rule are satisfied." Ibid. (citation and internal quotation marks omitted). Its purpose is to accomplish "substantial justice on the merits by permitting a technical and otherwise fatal flaw to be corrected where such correction will not materially prejudice another party." Pressler & Verniero, Current N.J. Court Rules, comment 4






Montclair Hospital, LLC, tenant in a parcel owned by MPT Legacy of Montclair, LLC
v. Glen Ridge Borough v. MPT Legacy of Montclair, LLC
Docket Nos. 008630-2019, 002022-2020, 004324-2021, and 003702-2022
Mountainside Hospital-MPT v. Glen Ridge Borough
Docket Nos. 012319-2019, 007634-2020, 010221-2021, and 008459-2022
Page -23-

on R. 4:9-3 (2022).  Therefore, a timely filed local property tax appeal complaint that adheres to all other requirements to confer subject matter jurisdiction on the Tax Court, but misidentifies the plaintiff/taxpayer is not fatal, and the "defect in the complaint can be corrected by amendment." Prime Acct. Dept., 212 at 510.

Here, Montclair Hospital, LLC timely filed complaints for the 2019, 2020, 2021 and 2022 years under the name "Mountainside Hospital-MPT" following entry of the Memorandums of Judgment by the Essex County Board of Taxation.  Montclair Hospital, LLC, as tenant for MPT Legacy, is an aggrieved taxpayer within the intendment of N.J.S.A. 54:3-21, and thus possessed standing to file the local property tax appeals.  See Village Supermarkets, Inc. v. West Orange, 106 N.J. 628, 632-33 (1987).  However, like the facts in Prime Acct. Dept., Montclair Hospital, LLC "simply copied the name that mistakenly appeared on the municipal tax assessment list," and designated "Mountainside Hospital-MPT" as plaintiff.  Prime Acct. Dep't., at 212 N.J. at 509. Moreover, Glen Ridge timely received notice that the 2019, 2020, 2021, and 2022 local property tax assessments on the Highland Avenue property were being contested.  If Glen Ridge had any uncertainties or questions about who was prosecuting the local property tax appeals and what relationship, if any, that party had to the owner of the Highland Avenue property, Glen Ridge was able to make such inquiries during the discovery process.

Accordingly, the court will afford Montclair Hospital, LLC leave of court, under R. 4:9-1, to file amended pleadings amending/correcting plaintiff's name under docket numbers 012319-2019, 007634-2020, 010221-2021, and 08459-2022 within thirty (30) days of the date hereof.






Montclair Hospital, LLC, tenant in a parcel owned by MPT Legacy of Montclair, LLC
v. Glen Ridge Borough v. MPT Legacy of Montclair, LLC
Docket Nos. 008630-2019, 002022-2020, 004324-2021, and 003702-2022
Mountainside Hospital-MPT v. Glen Ridge Borough
Docket Nos. 012319-2019, 007634-2020, 010221-2021, and 008459-2022
Page -24-

C.    Motions to Compel Discovery – Reconciliation of Hospital Square
Footage, October 2022 and November 2022 Discovery Demands

Our rules of discovery are intended "to further the public policies of expeditious handling of cases, avoiding stale evidence, and providing uniformity, predictability and security in the conduct of litigation." Zaccardi v. Becker, 88 N.J. 245, 252 (1982). The discovery rules are "designed to eliminate, as far as possible, concealment and surprise in the trial of lawsuits to the end that judgments rest upon real merits of the causes and not upon the skill and maneuvering of counsel." Oliviero v. Porter Hayden Co., 241 N.J. Super. 381, 387 (App. Div. 1990).

A standard of substantial liberality is applied in affording access to information, documents, and materials that favor litigants' rights to "broad pretrial discovery." Payton v. New Jersey Turnpike Authority, 148 N.J. 524, 535 (1996) (citing Jenkins v. Rainner, 69 N.J. 50, 56 (1976)). See also Shanley & Fisher, P.C. v. Sisselman, 215 N.J. Super. 200, 215-216 (App. Div. 1987). In general, a party may obtain material which "appears reasonably calculated to lead to the discovery of admissible evidence" pertaining to the cause of action. In re: Liquidation of Integrity Ins. Co., 165 N.J. 75, 82 (2000).

Our court rules afford litigants the right to "obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action . . . ." R. 4:10-2(a). Although not explicitly defined in the court rules, "relevant evidence" is defined as "evidence having any tendency in reason to prove or disprove any fact of consequence to the determination of the action." N.J.R.E. 401. However, the relevancy of documents or other materials is not predicated upon its admissibility at trial, instead it is centered upon whether






Montclair Hospital, LLC, tenant in a parcel owned by MPT Legacy of Montclair, LLC
v. Glen Ridge Borough v. MPT Legacy of Montclair, LLC
Docket Nos. 008630-2019, 002022-2020, 004324-2021, and 003702-2022
Mountainside Hospital-MPT v. Glen Ridge Borough
Docket Nos. 012319-2019, 007634-2020, 010221-2021, and 008459-2022
Page -25-

the information sought is "reasonably calculated to lead to admissible evidence respecting the cause of action or its defense."  Pressler & Verniero, Current New Jersey Rules Governing the Courts, comment 1 on R. 4:10-2(a) (2022).  Thus, disclosure of evidence which may be inadmissible at trial is required "if the information sought appears reasonably calculated to lead to the discovery of admissible evidence."  R. 4:10-2(a).  See also Irval Realty Inc. v. Board of Public Utility Commissioners, 115 N.J. Super. 338, 346 (App. Div. 1971), aff'd, 61 N.J. 366 (1972); Berrie v. Berrie, 188 N.J. Super. 274, 278 (Ch. Div. 1983).  Information which bears even a remote relevance to the subject matter of the cause of action is discoverable but can be withheld by a demonstration of privilege.  Payton, 148 N.J. at 539.

Although discovery should be liberally granted, the scope of pretrial discovery is not limitless.  Meandering expeditions which seek irrelevant, oppressive or burdensome discovery are not permitted.  "The discovery rights provided by our court rules are not instruments with which to annoy, harass or burden a litigant or a litigant's experts."  Gensollen v. Pareja, 416 N.J. Super. 585, 591 (App. Div. 2010).  R. 4:10-3 allows a litigant or the person from whom discovery is sought to obtain relief from the court to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. . . ."  R. 4:10-3.

Our court rules afford trial courts expansive authority in discovery matters, including directing that discovery not be permitted; limiting the scope of discovery to certain information; on specified terms and conditions; by prescribed methods; and in the presence of only designated individuals. See R. 4:10-3(a) and 3(d).  The determination of what discovery request is reasonable and relevant, and what constitutes an annoying, embarrassing, oppressive or unduly burdensome






Montclair Hospital, LLC, tenant in a parcel owned by MPT Legacy of Montclair, LLC
v. Glen Ridge Borough v. MPT Legacy of Montclair, LLC
Docket Nos. 008630-2019, 002022-2020, 004324-2021, and 003702-2022
Mountainside Hospital-MPT v. Glen Ridge Borough
Docket Nos. 012319-2019, 007634-2020, 010221-2021, and 008459-2022
Page -26-

request, must be measured by the trial court on a case-by-case basis. Berrie, 188 N.J. Super. at 278.

Glen Ridge's October 2022 Discovery Demands and November 2022 Discovery Demands are a commingling and meshing of requests for admissions, demands for answers to supplemental interrogatories, and demands for production of documents. However, Montclair Hospital, LLC and MPT Legacy's alleged responses to the October 2022 Discovery Demands and November 2022 Discovery Demands, and Glen Ridge's motions to compel, were similarly conflating and vague. Importantly, the motion record has failed to disclose that Montclair Hospital, LLC and/or MPT Legacy have provided any document in direct response to the requests for admission and supplemental interrogatories demanded by Glen Ridge under its October 2022 Discovery Demands and November 2022 Discovery Demands.

Additionally, Montclair Hospital, LLC and MPT Legacy have failed to offer any valid arguments as to why they should be relieved of the obligation to respond to Glen Ridge's discovery requests, nor have they sought protection from the court for such discovery demands. In general, the information being sought by Glen Ridge appears designed to reasonably lead to the discovery of admissible evidence.

Accordingly, the court grants Glen Ridge's motions to compel discovery with respect to the October 2022 Discovery Demands and November 2022 Discovery Demands, as limited and specifically outlined in the annexed Order.

Finally, with regards to Glen Ridge's motion to compel a reconciliation of alleged inconsistent data pertaining to the square footage of the Mountainside Medical Center






Montclair Hospital, LLC, tenant in a parcel owned by MPT Legacy of Montclair, LLC
v. Glen Ridge Borough v. MPT Legacy of Montclair, LLC
Docket Nos. 008630-2019, 002022-2020, 004324-2021, and 003702-2022
Mountainside Hospital-MPT v. Glen Ridge Borough
Docket Nos. 012319-2019, 007634-2020, 010221-2021, and 008459-2022
Page -27-

building, the court finds that Montclair Hospital, LLC has similarly failed to adequately respond to Glen Ridge's December 29, 2022 and January 20, 2023 discovery requests.

Accordingly, within forty-five (45) days of the date hereof, Montclair Hospital, LLC shall set forth/reconcile/detail (per building, floor, pavilion, and/or tower of the medical center) how it arrived at the April/May 2022 pdf data, reflecting a net square footage of 700,919 square feet for the Mountainside Medical Center building as of the fiscal year ending December 31, 2023.

In addition, within forty-five (45) days of the date hereof, Montclair Hospital, LLC shall set forth/reconcile/detail (per building, floor, pavilion, or tower of the medical center) how it arrived at the January 2023 submission data, reflecting a net square footage of 663,097 square feet for the Mountainside Medical Center building.  However, the court finds that data and information regarding the square footage of the Mountainside Medical Center buildings in 2010, 2012, and 2013 is not relevant, nor reasonably calculated to lead to admissible evidence respecting the cause of action or its defense in these local property tax appeals for the 2019, 2020, 2021, and 2022 tax years.  Therefore, Montclair Hospital, LLC does not have to further reconcile or detail the Mountainside Medical Center's square footage reported in the 2010, 2012, and 2013 documents and information.

### III.  Conclusion

For the foregoing reasons, the court: (i) denies Glen Ridge's motions seeking to disqualify Archer & Greiner P.C. from serving as counsel for Montclair Hospital, LLC, MPT Legacy, and Mountainside Hospital-MPT; (ii) denies Glen Ridge's motions seeking dismissal with prejudice of Mountainside Hospital-MPT's complaints, filed under






Montclair Hospital, LLC, tenant in a parcel owned by MPT Legacy of Montclair, LLC
v. Glen Ridge Borough v. MPT Legacy of Montclair, LLC
Docket Nos. 008630-2019, 002022-2020, 004324-2021, and 003702-2022
Mountainside Hospital-MPT v. Glen Ridge Borough
Docket Nos. 012319-2019, 007634-2020, 010221-2021, and 008459-2022
Page -28-

docket numbers 012319-2019, 007634-2020, 010221-2021, and 08459-2022; (iii) grants, in part, and denies, in part, Glen Ridge's motions seeking to compel discovery from Montclair Hospital, LLC, Mountainside Hospital-MPT, and  MPT Legacy; and (iv) grants, in part, and denies, in part, Glen Ridge's motions compelling a reconciliation by Montclair Hospital, LLC of the Mountainside Medical Center's square footage.

   An Order memorializing the conclusions set forth in this letter opinion is annexed hereto.

           Very truly yours,


           Hon. Joshua D. Novin, J.T.C.




